## Case No. 16,780.

UNITED STATES v. YELLOW SUN.

[See Case No. 16,212.]

## Case No. 16,781.

UNITED STATES v. YORK STREET
FLAX SPINNING CO.

[17 Blatchf. 138; 8 Reporter, 551.] [1]

Circuit Court, S. D. New York. Aug. 28, 1879.

VIOLATION OF CUSTOMS LAWS — FORFEITURE OF VALUE.

Under section 1 of the act of March 3, 1863 (12 Stat. 737, 738; Rev. St. § 2864), forfeiting imported goods, or their value, to the United States, for fraud in the entry of the goods at the custom house, if a suit is brought for such value, such value is not limited to the sum which the defendant received for the identical goods entered, on their sale by him.

[Cited in U. S. v. Auffmordt, 19 Fed. 901.]

At law.

[Error to the district court of the United States for the Southern district of New York.]

C. P. L. Butler, Jr., Asst. Dist. Atty., and Sutherland Tenney, Asst. Dist. Atty., for plaintiffs in error.

Joseph H. Choate, for defendant in error.

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission. 8 Reporter, 551, contains only a partial report.]

WAITE, Circuit Justice. This is a suit to recover the value of certain goods alleged to have been forfeited to the United States under section 1 of the act of March 3, 1863 (12 Stat. 737, 738; Rev. St. § 2864). This act provides, that, if an "owner, consignee, or agent of any goods, wares, or merchandise shall knowingly make, or attempt to make, an entry thereof by means of any false invoice, * * * said goods, wares and merchandise, or their value, shall be forfeited," &c. After the close of the testimony on the part of the government, the defendant asked the court to instruct the jury to bring in a verdict for the defendant, on the ground that none of the acts charged in the declaration as causes of forfeiture had been proven. This was denied, and the defendant then asked for a verdict because no proof had been made of the value of the goods, such value being the statutory basis of recovery. The court thereupon ruled, "that the value of the goods, which must be taken as the basis of recovery, was the sum which the defendant received for the identical goods covered by the entries and invoices in the suit, in this country, the goods having passed into consumption, which sum, in the hands of the defendant, represented the goods themselves," and then, on the evidence as it stood, directed a verdict for the defendant. [Case unreported.] Many requests to charge were presented on behalf of the government, which were refused, but, as they were intended to break the force of this ruling, it will not be necessary to refer to them in detail.

The entire testimony is not embraced in the bill of exceptions, and, under the ruling of the court upon the first motion for a verdict, I must assume, that, so far as the acts of forfeiture were concerned. there was evidence sufficient to make it obligatory on the court to submit the case to the jury. If, then, there is error in the ruling of the court on the second motion, I must reverse the judgment, notwithstanding any doubt I may have on the case as it is presented here, about the propriety of subjecting the defendant to another trial on the merits, since the act of June 22, 1874 (18 Stat. 186), has made actual intent to defraud an essential element of recovery. I must also assume that the evidence established the fact that the goods had gone into consumption, as that seems to have been one of the ingredients on which the court based its ruling.

The question, as it comes here for determination, is not whether the value of the goods at the time of importation, or when they were sold or entered into consumption, or when the suit was commenced. is the proper basis of recovery, but whether the government is bound to accept, under its election to take the value, what the fraudulent importer himself got for them when they passed out of his hands. I know it is settled, that. when provision is made by statute for "a forfeiture of goods or their value," the

title to the goods remains in the original owner until the government elects whether to demand the goods or their value, and that, if, before the election is made, the goods are sold to a bona fide purchaser, the title passes by the sale, and the right of the government to proceed against the goods is gone. U. S. v. Grundy, 3 Cranch [7 U. S.] 338; Caldwell v. U. S., 8 How. [49 U. S.] 366. This, however, falls far short of deciding, that, when the goods are sold, or have entered into consumption, the government must accept, as their value, what the importer has seen fit to part with them for; and it seems to me that the learned judge below, in so holding, confined the basis of recovery within too narrow limits. The right to recover the value does not depend on any principle of subrogation, but on the statute, which, in effect, says, that, for this particular offence, the offending goods, or their value, shall be forfeited by the owner. The government is given the right to choose whether it will take the goods or the value, and this right of choice is kept open so long as the goods remain the property of the offender. As soon, however, as they pass from his hands into those of a bona fide holder, the right of election is gone, and the government is driven to its suit against the wrong-doer, not for what he has in the place of the goods, but for their value. The basis of recovery, in a suit for value, is not changed by the sale. That remains precisely as it was before. If this is not so, the government has never any real right of election. Before the sale, it must proceed for the goods, and after, for the proceeds. Such, I think, cannot be the rule. Until the sale the government may seize the goods, and realize their value by a sale, or it may pass by the goods and look directly to the wrong-doer for their value. The effect of a sale is to take away all right of proceeding against the goods, and leave the government to its original right of action against the fraudulent importer, for the value only.

It was contended, however, upon the argument, that there was no evidence which the jury could properly consider, tending to prove the value of the goods in this country, and that, if the ruling below as to the basis of recovery was wrong, it could do no harm, since, on the whole evidence, the court did right in taking the case from the jury. It is true, that no witness testified directly as to what the actual market value of the goods was in this country, either at the time of the importation, or at the time of the sale by the importer, or at the time of the commencement of the suit, or at any other time; but there was evidence legitimately tending to prove what was wanted. It did appear, that the particular style of goods in question was principally manufactured in Belfast, and that the trade in the United States was almost exclusively supplied from there. Then there was direct evidence as to the market value in Belfast at the time of the exporta-

tion. There was, also, evidence tending to show what this defendant supposed the market value was in New York at the same time, exclusive of duties and charges of transportation, for, the managing director testified as to prices he charged in Belfast to American purchasers, as the equivalent of what the New York branch of the house would charge to their customers. This was for the purpose of preventing any competition in prices between the house at home and the branch in New York. This, I think, was proper evidence to be taken into consideration, inasmuch as Belfast was the principal producing point, and the value in New York would ordinarily be regulated by the price at which the goods could be purchased there. The importations were all made during the year 1873, and the suit was commenced in March, 1874. The legal presumptions growing out of the evidence submitted were, as I think, sufficient to place the burden on the defendant, of showing that the market value in New York was less than was indicated. It is possible the value thus shown was less than the actual forfeitable value, but of that, certainly, the defendant cannot complain.

An action in the nature of an action of debt lies, even though there may be some uncertainty as to the amount of recovery. A sum certain must be due, or a sum which can be named to a certainty. Here, the difficulty is not as to the right to recover a sum certain, to wit, the forfeitable value of the goods, but as to the amount of that sum. This the jury is asked to find from the evidence. The suit is not for damages on account of the wrongful acts of the importer, but for the recovery of a certain sum, to wit, the value of the property, as it shall be shown to be.

There are several assignments of error upon exceptions to rulings below on the admissibility of evidence. These present questions are not likely to arise on a second trial, and it does not seem to me necessary to take time for their consideration.

For the single error in respect to the rule for ascertaining the basis of value, the judgment is reversed, and the cause remanded for a new trial.