HEBERT *v.* MUTUAL LIFE INS. CO.

(*Circuit Court, D. Oregon.* July 19, 1882.)

1. EQUITY—SPECIFIC PERFORMANCE OF CONTRACT.

Equity has jurisdiction to enforce the performance of a contract to deliver a policy of insurance, and having taken jurisdiction for that purpose, will, in case there has been a loss or death, retain it for the purpose of decreeing payment of the policy.

2. CERTAINTY.

A contract to issue a plain life insurance policy upon the life of the applicant for $15,000, payable to his wife, according to the form in use by the company, is sufficiently certain to be enforced; and if there is any extrinsic reason why it should not be enforced, as that it was procured by fraud or falsehood, it must be set up as a defence.

In Equity. Specific performance.

*William H. Holmes,* for plaintiff.

*Thomas N. Strong,* for defendant.

DEADY, D. J. This suit is brought to enforce a contract for the delivery of a life insurance policy for the sum of $15,000, and for a decree that the defendant pay the same to the plaintiff.

The bill alleges that the defendant, on June 11, 1878, and since, was and has been a corporation organized under the laws of New York, and doing a life insurance business in Oregon; that on said day Oliver Hebert, of Marion county, Oregon, the husband of the plaintiff, applied to the agents of the defendant in said county for insurance upon his life of $20,000, payable to the plaintiff, and paid them the first quarter's premium thereon, to-wit, $105.60, which sum was by them forwarded to the defendant upon the condition "that if the

amount of the risk should be reduced a proportionate share of the premium should be refunded," and if the whole application should be rejected it would all be refunded; that subsequently the defendant rejected $5,000 of said application, and on August 26, 1878, remitted to said Hebert $26.40 of said payment, and "accepted, received, and retained" the remaining $79.20 as the premium upon the first quarter of such insurance, and in consideration thereof "did insure the life of said Hebert from such time in the sum of $15,000," payable upon the death of said Hebert to the plaintiff; and also agreed "to issue and deliver unto said Hebert a 'plain life insurance policy' upon his own life, according to the customary form adopted and in use by the defendant, for said sum payable as aforesaid," which agreement it has hitherto neglected and refused to perform; that about September 8, 1878, at said county, said Hebert died, and the plaintiff thereupon demanded of the defendant said policy and the payment of said insurance, which was refused; and that, by reason of the refusal to issue said policy, the plaintiff is unable to "enforce her rights in an action at law," wherefore she brings this suit and prays the defendant may be required to deliver to her "a plain life insurance policy" upon the life of said Hebert for the sum aforesaid, to take effect from the date of the contract aforesaid, and payable to the plaintiff, and for a decree against the defendant for said sum of $15,000, with interest.

The defendant demurs to the bill because (1) the plaintiff, upon the case stated, is not entitled to the relief prayed for; (2) the policy is not sufficiently described; and (3) the plaintiff has an adequate remedy at law.

The jurisdiction of a court of equity to compel the specific performance of a contract for insurance is well established. The policy cannot be obtained by an action at law, although one might be maintained upon it for the insurance after it is issued. But a court of equity having taken jurisdiction for the purpose of compelling the delivery of the policy, will retain it where there has been a loss or death, for the purpose of decreeing payment of the policy, both to avoid expense and because the latter relief is a mere incident of the former. Ang. F. & L. Ins. § 34; Perkins v. Washington Ins. Co. 4 Cow. 645; Carpenter v. M. S. Ins. Co. 4 Sandf. Ch. 408; Brugger v. S. I. Ins. Co. 5 Sawy. 304. Nor does there appear to be any uncertainty as to the nature of the contract, or the form or effect of the policy, as stated in the bill. The agreement was for "a plain life insurance policy" upon the life of the deceased for $15,000, payable

to the plaintiff "according to the customary form adopted and in use by the defendant," for which it was paid and had received one quarter's premium.

If there is any reason not appearing on the face of the bill why the defendant should not be compelled to perform its contract, as that it was procured by fraud or falsehood, the defendant can set it up as a defence.

The demurrer is overruled.