Security Trust Company v. Tarpey.

66 589
80 384

## Security Trust Company v. Mary Tarpey.

1. EQUITY PRACTICE—*Amendments to Bills.*—An amendment to an original bill is but an addition to such bill, and both the amendment and the original bill constitute but one record.

2. COURTS OF EQUITY—*Cancellation of Insurance Policies.*—A court of equity has jurisdiction to cancel a policy of life insurance procured by fraud.

**Bill,** to cancel insurance policies. Appeal from the Superior Court, Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed November 19, 1896.

GEORGE B. SHATTUCK, attorney for appellant.

J. J. KELLY and DOUTHART & GARVEY, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

November 14, 1895, the appellant filed a bill against William C. Cummings to procure the cancellation of two policies of insurance upon his life, issued to him on the 15th day of the previous month, payable to the appellee, his sister, on the ground that they were procured by fraudulent statements by him as to his health.

The appellee was not, but ought to have been, made a

party defendant, as she was the only person who would be ultimately interested.

On the 22d day of the next February, Cummings died, and the bill was amended, making her the sole defendant. She demurred, and the court dismissed the bill. The amendment was but an addition to the original bill, and both constitute but one record. 1 Dan. Chy., 402; Lewis v. Lanphere, 79 Ill. 187.

The supplemental fact of the death of Cummings does not affect the equity of the case. Whatever may be said now as to the appellant having a defense at law, it is nevertheless beyond question that when the bill was filed, to which the amendment relates back, (Hoyt v. Smith, 28 Conn. 466,) there was no avenue for relief open to the appellant but a court of equity. The amendment only made the bill what it ought to have been at first, and had she been a defendant with Cummings, no amendment of the bill would have been necessary; but a mere suggestion of his death would have left the appellant at liberty to prosecute the case against her alone. Sec. 12, Ch. 1, Abatement, R. S.

Now the jurisdiction of a court of equity of such a case as this was when the bill was filed, can not be denied. Hoare v. Bremridge, L. R., 14 Equity Cases, 522; S. C. on appeal, L. R., 8 Chy. App. 22.

It is true that there the court of chancery refused to enjoin an action at law commenced on the policy after the bill was filed; but the bill was not there filed—as this was—before the death of the party on whose life the policy was issued.

The exclusive jurisdiction of equity having once attached, should not be ousted by a subsequent event conferring concurrent jurisdiction upon a court of law.

The demurrer to the bill was wrongly sustained, and the decree dismissing the bill is reversed and the cause remanded.