MUTUAL LIFE INS. CO. OF NEW YORK v. BLAIR et al.

(Circuit Court, E. D. Missouri, E. D. June 1, 1904.)

No. 4,898.

1. CANCELLATION OF INSTRUMENTS—PLEA IN BAR.

Where insured died after the commencement of a suit in equity to cancel the policy for fraud, but before answer, whereupon an action on the policy was brought, a plea in bar alleging insured's death, and the bringing and pendency of such action at law, was not available to present the objection that the bill was not sustainable for want of equity.

2. SAME—CONFLICTING AVERMENTS.

Where a plea in bar is filed to a bill in equity before answer, and its averments are in conflict with those in the bill, the averments in the bill will control, though the plea is verified.

3. INSURANCE POLICY—CANCELLATION—PENDING SUIT—DEATH OF ASSURED—EFFECT.

Where a court of equity had obtained jurisdiction both of the persons and subject-matter involved in a bill to cancel an insurance policy for fraud prior to insured's death, the fact that insured died before answer, and that an action at law was immediately brought on the policy, in which all the defenses claimed by the insurance company in the equity suit were available, did not deprive the court of equity of jurisdiction to proceed with the suit and determine the controversy.

4. SAME—ADEQUATE REMEDY AT LAW.

A life insurance policy provided that, on insured's death, settlement should be had by the issuance of a new annuity contract, by the terms of which, when settlement was made, the first payment of $10,000 was payable to insured's widow, who was to receive annual payments thereafter if she should live, for a period of 20 years from the date of the settlement; and, if she died prior to the expiration of that period, her two children should receive the remainder of such payments, and, if either of them should die before the expiration of the period, the other should take the share of the deceased child, and, if both died before the end of the period, the installments remaining unpaid should go to the executor of insured's estate. *Held*, that since the rights of insured's children and the executor of insured's estate could not be determined in an action at law on the policy brought by the widow after insured's death, they having no present right of action, such action did not afford insurer an adequate remedy at law, so as to preclude it from maintaining a suit in equity to cancel the policy for fraud.

5. SAME—SPECIFIC PERFORMANCE.

Where a life insurance policy provided that, on insured's death, settlement should be had by the issuance of an annuity policy to insured's wife, the annuity payable in 20 annual installments, either to the wife during her life or to her children, or to insured's executor in case of the death of the wife and children, such policy was in the nature of an agreement to grant an annuity, and was therefore a proper subject for specific performance.

6. SAME—MULTIPLICITY OF SUITS.

An adequate remedy at law does not exist where a multiplicity of actions are required to obtain complete relief.

In Equity. On plea in bar to the jurisdiction of the court.

On the 8th day of January, 1902, complainant and James L. Blair entered into a contract of insurance upon the life of said James L. Blair. This con-

¶ 6. See Equity, vol. 19, Cent. Dig. § 152.

tract, among others, contains the following stipulations and agreements of parties:

"The Mutual Life Insurance Company of New York in consideration of the application for this policy, which is hereby made a part of this contract, insures the life of James L. Blair of Kirkwood, in the County of St. Louis, state of Missouri, hereinafter known as the insured, in the sum of two hundred thousand dollars, for the benefit of his wife, Apolline M. Blair, the beneficiary. Upon acceptance at the head office of the company in the city of New York of satisfactory proofs of the death of said insured during the continuance of this policy, and on the surrender of this policy at said office, the said insurance will be adjusted in instalments, without interest, by the issuance of an annuity contract in lieu hereof as hereinafter provided."

Under the "provisions, requirements and benefits," set forth in the contract, there is found the following stipulation as to the annuity contract:

"Annuity Contract. Upon the surrender of this policy after acceptance by the company of satisfactory proofs of the death of the insured the company will issue a nonparticipating annuity contract, the single premium for which shall be entered in the company's books as a death claim under this policy. The said annuity contract shall provide as follows:

"(a) If the beneficiary be living at the date of said annuity contract, the company will pay to the beneficiary on such date a first instalment equal to five per cent. of the face amount of this policy, and thereafter on each anniversary of said date an instalment of like amount without interest, until twenty such instalments shall have been paid, and furthermore, the company will continue the payment of such annuity in like instalments throughout the remaining lifetime of said beneficiary.

"Should the beneficiary die during the continuance of said annuity contract and before the completed payment of said twenty annual instalments, the company will pay the remainder thereof, as they become due, to the executors or administrators of the insured.

"(b) If the beneficiary be not living at the date of said annuity contract, the company will pay twenty instalments only, as above described, to the executors or administrators of the insured."

Thereafter, by agreement of the parties, the following modification of the terms of the contract was indorsed upon the policy:

"By mutual consent and upon the request of all the parties to this contract it is understood and agreed that in the event of the death of the beneficiary subsequent to the death of the insured, and prior to the completion of the payment of the twenty annual instalments, the remainder of said instalments shall be paid when due to the insured's children, Percy A. and Francis P. Blair, share and share alike, or the survivor of them. If neither survive, then to insured's executors, administrators or assigns. A. Klamroth, Assistant Secretary."

Thereafter, and on the 5th day of November, 1903, complainant filed its bill of complaint in this court against the assured, his wife, Apolline M. Blair, and his two sons, Percy A. Blair and Francis P. Blair, beneficiaries under the terms and modifications of the contract, for the purpose of obtaining a decree rescinding the contract, and directing its cancellation and return to complainant upon the grounds of fraudulent representations by assured in the procurement of the contract, and concealment of crimes theretofore by him committed, averred to be material to the risk incurred by complainant in the issuance of the contract.

The voluntary appearance of James L. Blair and Apolline M. Blair, his wife, was entered at the December, 1903, rules, and on January 4, 1904, a guardian ad litem was appointed for Percy A. and Francis P. Blair, they being minors. On the 16th day of January, 1904, defendant James L. Blair died testate, and on February 3d thereafter, in pursuance of the stipulation of the parties, an order of revivor was entered, and the executor of the estate of assured, theretofore duly appointed and qualified, entered his appearance. On the 4th. day of April, by leave of court, complainant filed its substituted bill of complaint, and defendant Apolline M. Blair withdrew her demurrer filed to the original bill, and all defendants were given until

May rules to plead to the substituted bill of complaint. At the May rules, defendant Apolline M. Blair, widow, and John F. Lee, executor of the estate of James L. Blair, filed their plea in due form, setting forth the death of the assured, and the bringing in the state court by the widow an action at law to recover the sum of $10,000—the first installment alleged to be due and payable under the terms of the contract—and further alleging therein a compliance with all the terms and conditions of the policy requisite to be performed by the beneficiaries therein, the removal of that action by complainant herein (defendant therein) into this court, and praying an order dismissing the substituted bill of complaint, for that, by reason of the subsequent death of assured and the institution of the action at law, there has accrued and is now available to complainant a plain, adequate, and complete remedy at law by way of defense in such action. This plea was by complainant set down for hearing on the 3d day of this month, and has been fully presented to the court in oral argument and upon briefs filed, and taken and held under advisement until this day.

Henry T. Kent and J. F. Lee, for the plea.

McKeigham & Watts, Frederick H. Bacon, Julien T. Davis, and Edward Lyman Short, opposed.

POLLOCK, District Judge. The office of the plea in this case is to bring before the court the fact of the death of the assured, and the subsequent bringing and pendency of the action at law upon the policy as distinct facts in bar of this suit. Farley v. Kittson, 120 U. S. 303, 7 Sup. Ct. 534, 30 L. Ed. 684; Hughes v. Blake, 6 Wheat. 453, 5 L. Ed. 303; Rhode Island v. Massachusetts, 14 Pet. 210, 10 L. Ed. 423; Mitford on Pleading (4th Ed.) §§ 14, 219, 295; Story, Equity Pleading, §§ 649, 652. This plea does not bring before the court for consideration the want of equity in complainant's bill. Rhode Island v. Massachusetts, supra; National Bank v. Insurance Company, 104 U. S. 54, 26 L. Ed. 693; Farley v. Kittson, supra. In the consideration of this plea, the answer of defendants not having come in, the averments of the bill are treated as confessed. Hence, in case facts stated in the plea, though verified, are in any material respect in conflict with the averments in the bill, in such matter the averments in the bill must control. Roche v. Morgell, 2 Sch. & Leff. 721; Farley v. Kittson, supra.

The questions arising for consideration upon this plea are: (1) Conceding the complainant now has, by reason of the death of James L. Blair and the commencement of the action at law now pending in this court, a plain, adequate, and complete remedy at law by way of defense thereto, as this remedy did not exist at the time of the commencement of this suit, will complainant be compelled to now abandon this suit, wherein jurisdiction over the persons and subject-matter of the controversy has once rightly attached, and resort to its defense in the action at law? If so, (2) is it shown by the facts stated in the plea taken in connection with the averments of the bill admitted because unanswered, that complainant now has a plain, complete, and adequate remedy at law by way of defense in the law action now tendered complainant by the plea as equivalent to, and a substitute for, this suit in equity?

From a consideration of the many adjudicated cases referred to in argument by solicitors for the respective parties, and without undertaking a review thereof, it must, I think, be conceded that this

court had jurisdiction to entertain a bill filed for the purpose of obtaining a decree rescinding the contract in question, and directing its cancellation and delivery to complainant at the time the original bill was filed in this suit; the assured at the time being alive, and no other remedy for wrongs averred to have been done complainant then existent. Riggs v. Union Life Insurance Company (C. C. A.) 129 Fed. 207; Conn. Mutual Life Insurance Company v. Home Insurance Co., 17 Blatchf. 138, Fed. Cas. No. 3,107; New York Life Insurance Co. v. Statham, 93 U. S. 24, 23 L. Ed. 789; Home Insurance Co. v. Stanchfield, 1 Dill. 424, Fed. Cas. No. 6,660; 2 Joyce on Insurance, § 1678; 2 Phillips on Insurance, p. 574.

It is conclusively settled that, had this suit been instituted after the death of assured, this court would not have taken jurisdiction, unless, perhaps, a state of facts peculiar and extraordinary in their nature were set forth in the bill, constituting a defense to the contract, neither available nor presentable in a court of law. Cable v. U. S. Life Insurance Co., 191 U. S. 288, 24 Sup. Ct. 74, 48 L. Ed. 188; Riggs v. Union Life Insurance Co., supra.

The question presented by this plea, as now considered, is the effect of the death of assured upon this pending suit after the commencement of an action at law upon the policy, wherein all defenses that may be made to the enforcement of the contract are available. The difference in the right of choice of forums and remedy pursued, clearly recognized and firmly established by the adjudicated cases, would appear to be controlled entirely by the date of the death of assured. Nor should this be thought strange when it is contemplated the death of the assured forms the entire subject-matter of the contract between the parties; the happening of such death eo instante transforming the contingent contract existing between the insured and insurer into an absolute engagement between the insurer and third parties beneficiary under the terms of such contract. Such being the effect of the death of the assured upon the right of the insured to proceed in equity to obtain a rescission and cancellation of the policy after death, what is the effect of such death during the pendency of a suit brought to cancel the contract, where the beneficiary at once brings an action at law on the policy, wherein complainant may make full defense?

The distinctions between the jurisdiction of courts of law and courts of chancery, as recognized and practiced in the federal courts of this country, are not merely distinctions in name or in form, but are fundamental differences of substance. Fenn v. Holme, 21 How. 481, 16 L. Ed. 198; Thompson v. Railroad Co., 6 Wall. 134, 18 L. Ed. 765; Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 977, 37 L. Ed. 804; Mississippi Mills v. Cohn, 150 U. S. 202, 14 Sup. Ct. 75, 37 L. Ed. 1052; Green v. Mills, 69 Fed. 857, 16 C. C. A. 516, 30 L. R. A. 90. "Equity is the correction of that wherein the law, by reason of its universality, is deficient." As shown by the history of the growth of chancery jurisdiction in England out of the strife which arose between the judges of the courts of law and the chancellors, there sprung the rule that, where a court of equity once rightfully obtains full jurisdiction over the parties to and subject-matter of a controversy, it will maintain such jurisdiction to the end of the controversy. While a court of equity

will not and cannot in the first instance take jurisdiction of a matter cognizable at law, wherein the procedure at the common law can give a plain, adequate, and complete remedy, because in the trial of such cases the parties, by reason of the organic law, have a right to trial by jury, and the assertion of jurisdiction by a court of chancery in such a case would operate as a denial of such constitutional guaranty, yet, where the character of the relief to which a party shows himself entitled from the history of his controversy, as by him stated, is of such nature that the law cannot grant unto him a plain, adequate, and complete remedy, in such case a court of equity has a free hand, and, having once laid hold of the parties and their controversy, it will be retained in its grasp to a final conclusion of the matter. In Morley v. White, L. R. 8 Chancery App. Cases, 734, Lord Justice James said:

"I know of no authority or principle by which it can be established that, when this court has been properly applied to because there was no adequate remedy at law, the defendant can afterwards put in a plea in the nature of puis darrein continuance, to the effect that, since he put in his answer to the original bill, he has removed the obstacle which prevented the plaintiff from suing at law. It would be a monstrous result, if, after a plaintiff had rightly commenced proceedings in this court, a defendant could say: 'I have but now removed the legal difficulty. Be good enough to dismiss your bill and sue me at law.'"

See Mollan v. Torrance, 9 Wheat. 537, 6 L. Ed. 154; North Chicago Rolling Mills v. St. Louis Ore & Steel Co., 152 U. S. 596, 14 Sup. Ct. 710, 38 L. Ed. 565; Emsheimer v. New Orleans, 186 U. S. 33, 22 Sup. Ct. 770, 46 L. Ed. 1043; German Insurance Co. v. Dowman, 115 Fed. 481, 53 C. C. A. 213; Security Trust Co. v. Tarpey, 66 Ill. App. 590.

From the foregoing considerations, I am confident in the opinion that the nature of the relief sought by complainant here is of equitable cognizance, that this court rightly acquired jurisdiction over the parties and the subject-matter of the controversy before the death of the assured, and that such jurisdiction may be retained to the end, notwithstanding the death of the assured. And the pendency of the action at law brought by the widow against complainant, even though it should be conceded, for the purpose of argument, that, in the action at law, complainant, since the death of assured and the bringing of that action, has, by way of defense thereto, a plain, adequate, and complete remedy at law.

But does the right of defense in the action at law brought by the widow against complainant, and now pending on the law side of this court, which right of present defense therein is here tendered by the plea as an equivalent to complainant for its bill filed in this suit, give complainant a plain, adequate, complete, and sufficient remedy at law, when, as will be remembered, the remedy at law which is a bar to equitable relief in the federal courts must exist on the law side of the same court, and be not only plain and adequate, but complete and sufficient? Cable v. United States Life Ins. Co., 191 U. S. 288, 24 Sup. Ct. 74, 48 L. Ed. 188; Lewis v. Cocks, 23 Wall. 466, 23 L. Ed. 70; Kilbourne v. Sunderland, 130 U. S. 505, 9 Sup. Ct. 594, 32 L. Ed. 1005; Gormley v. Clark, 134 U. S. 338, 10 Sup. Ct. 554, 33 L. Ed. 909; Allen v. Hanks, 136 U. S. 300, 10 Sup. Ct. 961, 34 L. Ed. 414; Tyler v. Savage, 143 U. S. 79, 12 Sup. Ct. 340, 36 L. Ed. 82; Walla Walla v.

Walla Walla Water Co., 172 U. S. 1, 19 Sup. Ct. 77, 43 L. Ed. 341; Smith v. American National Bank, 89 Fed. 832, 32 C. C. A. 368.

Manifestly a solution of this problem must depend upon a consideration of the rights of the parties beneficiary under the terms and conditions of the contract, and the parties to and the nature of the judgment demanded in the pending law action. As has been seen, the contract provides for a settlement between complainant and the beneficiaries in the contract, and the issuance of a new annuity contract. By the terms of the original contract, when settlement is made the first payment of $10,000 is due and payable, and the new contract agreed to be issued upon settlement of the original contract is to issue, providing, if the widow shall live for a period of 20 years from the date of such settlement and the making of the new contract, she will receive the entire sum in the 20 equal installments; if prior to the expiration of that period she shall die, and her two children shall live the remainder of the period, they will receive, under the terms of the new contract to be issued, $10,000 per annum, share and share alike. If either shall die before the expiration of that period, the other will take the share of the deceased child to the end of the period, if he shall live. However, if both shall die before the end of that period, the installments remaining unpaid will go to the executor of the estate of the assured. The pending law action—the only action at law, if any, which may be brought upon the contract at this time, if properly brought and maintainable—may determine the right of the widow to receive the installments due under the terms of the annuity contract to be issued upon the settlement so long as she may live, but the judgment in the action will not adjudicate the right of the children, or, in the event of their death before full payment made, the right of the executor of the estate to recover, for the reason that they claim on a separate, subsequent, contingent contract from that on which the plaintiff in the action claims, and are not parties to the record or privies in right. Allen v. De Groodt, 98 Mo. 159, 11 S. W. 240, 14 Am. St. Rep. 626. What amount of the entire sum the present plaintiff in the law action may be entitled to receive is dependent upon the date of her decease. The children and the executor have no present right of action. Again, should an action at law to recover damages for the breach of the contract by complainant to issue the annuity contract bargained for be brought, how may the interest of the necessary parties plaintiff thereto be determined and shown, or how may the necessary parties plaintiff therein be determined? If, as contended by solicitors for defendants in support of this plea, the contract in suit is one for the payment of money only, all such complications as suggested could not arise. But such is not the nature of the contract made.

From a consideration of the peculiar terms and conditions of the contract in suit, and the singular relations of the beneficiary and contingent beneficiaries thereto, in the event complainant shall, without just cause or excuse, refuse a compliance with the terms of the contract as written, can the jurisdiction and power of a court of equity to compel performance be doubted? I think not. May v. Le Claire, 11 Wall. 217, 20 L. Ed. 50; Express Co. v. Railroad Co., 99 U. S. 191, 25 L. Ed. 319; 2 Story, Eq. Jur. § 728. The agreement in question to issue

the annuity contract, with terms and conditions as stipulated, is in the nature of, and may be likened to, an agreement to insure or grant an annuity. Specific performance of such contracts will be enforced. Hebert v. Mutual Life Ins. Co. (C. C.) 12 Fed. 807; Croft v. Hanover Fire Ins. Co., 40 W. Va. 508, 21 S. E. 854, 52 Am. St. Rep. 902; Carpenter v. Mutual Safety Ins. Co., 4 Sandf. Ch. 408; Wellesley v. Wellesley, 4 M. & C. 561; 5 Addison on Contracts (8th Ed.) § 2.

If the right of the beneficiaries to enforce compliance with the terms of the contract as it is written be admitted, as a necessary conclusion flowing from such admission their remedy on the contract lies in a court of equity, where such relief may be afforded, and neither complainant nor defendant has a plain, adequate, complete, and sufficient remedy at law in the action brought, or in any action at law on the contract which may be brought, for the granting of relief by way of compelling specific performance of a contract is peculiar to, and afforded alone by, a court of chancery.

Again, there exists no plain, adequate, and complete remedy at law where a multiplicity of actions are required to obtain full relief. Oelrichs v. Spain, 15 Wall. 227, 21 L. Ed. 43.

It follows from what has been said that the plea filed in this suit sets forth no sufficient facts in bar of its further prosecution, hence must be disallowed, and is disallowed.