## NATIONAL COUNCIL OF KNIGHTS AND LADIES OF SECURITY v. JOSEPH WEISLER AND ANOTHER.[1]

December 17, 1915.

Nos. 19,426—(29).

**Substitution of parties — order appealable.**

1. On the death of the defendant, plaintiff on motion under the provisions of G. S. 1913, § 7685, secured an order substituting appellants as parties defendant. The substituted defendants appealed. *Held*, that the order is appealable.

**Same — prior order not a bar to application.**

2. Under the provisions of G. S. 1913, § 7690, plaintiff applied for and secured an *ex parte* order joining appellants additional defendants. The order was thereafter vacated. *Held*, that the only question properly before the court was whether the bringing in of appellants as additional parties defendant was necessary to a full determination of the controversy between the original parties, and that the order of the court vacating its *ex parte* order is not necessarily a bar to an application subsequently made under G. S. 1913, § 7685, to substitute appellants in lieu of the deceased defendant.

**Cancelation of benefit certificate — abatement of action.**

3. G. S. 1913, § 7685, provides that: "No action shall abate by reason of the death * * * of a party * * * if the cause of action continues or survives. In such cases the court, on motion, may substitute the representative or successor in interest. * * *" Under the pro-

[1]Reported in 155 N. W. 396.

visions of this statute, a suit in equity, brought during the lifetime of the insured to cancel a certificate of membership in respondent association, does not abate by reason of the death of the insured, nor does it abate because plaintiff *now* has an adequate remedy at law.

Action in the district court for Ramsey county to cancel the beneficiary certificate issued by plaintiff in favor of defendant and to enjoin him from attempting to enforce it. The beneficiaries named in the certificate were subsequently substituted as parties defendant, as stated in the opinion. From the order substituting them as defendants, Michael, J., they appealed. Affirmed.

*A. J. Hertz* and *James E. Markham,* for appellants.
*William G. White,* for respondent.

SCHALLER, J.

Suit in equity to cancel Joel Weisler's certificate of membership in respondent association. The suit was begun August 26, 1914. The complaint alleges that the defendant was admitted to membership and received a beneficiary certificate; that he secured such membership by false and fraudulent representations; that he was subsequently expelled from membership, and that, notwithstanding the facts alleged, he still holds the beneficiary certificate and claims to be a member. It prays that the certificate be adjudged void, that it be surrendered and canceled, and that the defendant be enjoined and restrained from attempting to enforce such certificate in any manner whatsoever.

Defendant Joel Weisler answered, insisting that he was a member in good standing of respondent society; denying fraud; asserting that the pretended expulsion proceedings were illegal and void, and that the beneficiary certificate was in all things valid and in full force and effect. Respondent replied. On February 19, 1915, and before the action was brought on for trial, Joel Weisler died.

On March 11, 1915, Morris Weisler, Joseph Weisler and Rose Weisler, the beneficiaries named in Joel Weisler's certificate, began an action to recover the sum payable by the terms thereof.

Respondent answered, basing its defense upon substantially the same facts set up in its complaint herein. Appellants replied. On April 1, 1915, plaintiff applied to the court under the provisions of G. S. 1913,

§ 7690, for an order making Morris, Joseph and Rose Weisler parties to this suit "in order to a full determination" thereof. The application was *ex parte*. On the same day an order (also *ex parte*) was entered joining Morris, Joseph and Rose Weisler as defendants herein. This order was thereafter, on motion of appellants, vacated and set aside.

On April 19 respondent procured an order requiring appellants to show cause why they should not be substituted as defendants in this action in lieu of Joel Weisler, the deceased defendant. This application was made under G. S. 1913, § 7685.

On May 6, 1915, the court made and entered an order of substitution. From the last order, Morris, Joseph and Rose Weisler appeal.

1. On the argument in this court respondent moved to dismiss the appeal on the ground that the order of substitution is not appealable. The point is not well taken. Sundberg v. Goar, 92 Minn. 143, 99 N. W. 638.

2. The moving papers upon which the order of April 1, 1915, was made, contained no suggestion of the death of Joel Weisler. The application was made under the provisions of G. S. 1913, § 7690, which provides for "bringing in additional parties." The trial court correctly vacated its *ex parte* order. The latter had been made on the assumption that Joel Weisler was a living defendant. Under such circumstances, appellants had no interest in the beneficiary certificate and could not properly be joined as additional parties defendant. Schoenau v. Grand Lodge, A. O. U. W. 85 Minn. 349, 88 N. W. 999. The only question properly before the court was whether the bringing in of appellants as additional parties defendant was necessary to a full determination of the controversy between the original parties. Clay County Land Co. v. Alcox, 88 Minn. 4, 92 N. W. 464. There was no attempt *at that time to substitute* them as defendants under the provisions of G. S. 1913, § 7685. The right to substitute is not *res judicata*.

3. Plaintiff brought its action against Joel Weisler for the cancelation of the beneficiary certificate, asserting that it was fraudulently obtained.

The statute (G. S. 1913, § 7685) provides: "No action shall abate by reason of the death * * * of a party * * * if the cause of action con-

tinues or survives. In such cases the court, on motion, may substitute the representative or successor in interest * * * ".

The district court had the plaintiff and Joel Weisler before it. It had jurisdiction of the parties and the subject matter. A cause of action existed. The equity powers of the court were invoked. They were not challenged by Joel Weisler. Such was the situation on the death of defendant. Appellants now contend that on the death of Weisler the action abated because the plaintiff now has an adequate remedy at law. It may be conceded that if after Weisler's death a suit in equity for cancelation of the certificate had been brought against appellants, it could not have been maintained because plaintiff then had an adequate remedy at law. Bankers Reserve Life Co. v. Omberson, 123 Minn. 285, 143 N. W. 735, 48 L.R.A. (N.S.) 265.

It has been held that, where a suit to cancel a life insurance policy is brought in defendant's lifetime, the death of the defendant does not oust the court of jurisdiction. Security Trust Co. v. Tarpey, 66 Ill. App. 589; Mutual Life Ins. Co. v. Blair, 130 Fed. 971, and cases cited; Mutual Life Ins. Co. v. Griesa, 156 Fed. 398.

But the statute does not leave the matter in doubt. It explicitly states that the action shall not abate, if the cause of action survives or continues. Plaintiff's cause of action survives. The fact that plaintiff may *now* have an adequate remedy at law does not abate the suit.

If the right of action itself survives the statute applies, and with it the right of substitution therein given. Whether the appellants are termed "representatives" or "successors in interest" is not of great moment. Nor is it controlling that their rights do not come into existence until the death of the insured, so that they could not be technically designated as "representatives" or "successors in interest" in a narrow and restricted sense.

It is urged that the complaint does not state a cause of action against these appellants and that, therefore, they cannot be made substituted defendants. The statute is silent on the question of pleadings. It provides that the substitution shall be made on motion. If the moving papers present a proper case for substitution, the court is authorized to enter the order. Orders and directions necessary to the proper fram-

ing of the issues may be safely left to the action of the trial court on application by the respective parties.

Order affirmed.