[No. 15279. Department One. May 31, 1919.]

THE STATE OF WASHINGTON, *on the Relation of J. J. Baeder, Plaintiff*, v. BRUCE BLAKE, *Judge of the Superior Court for Spokane County, Respondent*.[1]

ABATEMENT AND REVIVAL (19)—DEATH OF PARTY—CAUSES SURVIVING. Rem. Code, § 193, providing that no action shall abate by the death of a party if the cause of action survives, does not provide what causes of action survive.

SAME (19). Rem. Code, § 967, providing that all other causes of action [than those enumerated in § 183] survive to the personal representatives, relates only to causes of which the law already provided should survive at common law.

SAME (19). Rem. Code, § 191, providing that assignees by assignment in writing may maintain an action in their own names, does not define what causes of action are assignable, and does not refer to the survival of actions.

SAME (21)—DEATH OF PARTY—ACTIONS THAT ABATE. At common law, and in this state in the absence of statute, a right of action for damages for deceit and conspiracy in a stock subscription transaction abates upon the death of the defendant, where the estate of the deceased was not enriched by the fraud.

[1]Reported in 181 Pac. 685.

Certiorari to review an order of the superior court for Spokane county, Blake, J., entered January 31, 1919, abating an action as against the estate of an intestate. Affirmed.

*F. W. Girand* and *Fred M. Williams,* for relator.
*Burcham & Blair,* for respondent.

MAIN, J.—The purpose of this action was to recover damages for fraud and deceit. After the issues were framed, one of the defendants, John F. Green, died. Upon application of the plaintiff, the administratrix of the deceased's estate was substituted as a party defendant. Thereafter, the administratrix moved the court to vacate the order of substitution and enter an order abating the action as against the estate of the intestate. After a hearing upon the matter, the court entered the order of abatement as prayed for. The cause is here to review this order or judgment.

A brief statement of the facts is sufficient to an understanding of the question presented.

The complaint charges a conspiracy to defraud, arising out of these facts. Certain of the defendants, not including the intestate, caused a corporation, known as the Spokane-Stanford Land Company, to be organized under the laws of the state of Washington. After this corporation was organized, there was assigned to it an option for the purchase of a large tract of land in Santa Clara county, California. The parties promoting the corporation contemplated platting the property referred to into smaller tracts and marketing the same, hoping thereby to make a profit on the transaction. The capital stock of the company was of the par value of $100 per share. John F. Green, during his lifetime, subscribed for a certain number of shares, agreeing to pay, according to the subscription

contract, the par value thereof; but by arrangement
with the promoters of the corporation, paid only $60
per share. This was his part of the alleged fraudulent
transaction, and, by reason of this fact, it is now
sought to hold his estate liable at the suit of a stock-
holder who paid par value for his stock. The venture
was unsuccessful, and the parties investing in the stock
did not realize anything upon the enterprise, but sus-
tained a loss.

The question presented for determination is whether
the action against Green would survive against his
estate.

Consideration will first be given to the statutes of
this state, upon which reliance seems to be placed.
Section 193, Rem. Code, provides, among other things,
that no action shall abate by the death of a party if
the cause of action survive or continue. This statute
does nothing more than provide that, if the cause of
action survive, then an action which may be pending
does not abate by the death of the party. It does not
define, or attempt to define, what causes of action sur-
vive. Section 967, Rem. Code, provides:

"All other causes of action [than those enumerated
in section 183, *supra*] by one person against another,
whether arising on contract or otherwise, survive to
the personal representatives of the former and against
the personal representatives of the latter. Where the
cause of action survives, as herein provided, the ex-
ecutors or administrators may maintain an action at
law thereon against the party against whom the cause
of action accrued, or after his death, against his per-
sonal representatives."

This statute has been construed as referring only to
causes of action which had already survived, and that
it did not attempt to announce what causes of action
would survive. *Slauson v. Schwabacher Bros. & Co.*,

4 Wash. 783, 31 Pac. 329, 31 Am. St. 348; *Jones v. Miller*, 35 Wash. 499, 77 Pac. 811.

In the case last cited, it was said, referring to a previous decision (the *Slauson* case):

"There we said that the legislature, when it enacted this section, was legislating with reference to causes of action which had already survived, and was not attempting to announce what causes of action should survive; and, further, that if the contrary contention were correct, there was no limit whatever to causes which would survive the death of the person injured; 'for causes of action for assault, slander, and for other purely personal causes, would survive; and this would be so wide a departure from the established rule that the legislature would hardly be deemed to have intended it without plainly expressing such intention.' That this is the correct construction of the statute is made clear by reading it in connection with the act of which it formed a part when originally enacted, and being so, it does not warrant the holding that causes of action, such as the one at bar, survive to heirs and personal representatives."

Section 191, Rem. Code, provides that:

"Any assignee or assignees of any judgment bond, specialty, book account, or other chose in action, for the payment of money,"

by assignment in writing, signed by the person authorized to make the same, may, by virtue of such assignment, maintain an action in his own name against the "obligor or obligors, debtor or debtors" therein named.

This statute is not applicable, for two reasons: First, it does not purport to define what causes of action are assignable, but refers to causes of action which were assignable by other provisions of the law, either common or statute. The statute is less susceptible to the construction that it provides what causes of action may be assignable than was § 967 to the con-

struction that it provided what causes of action were survivable. The latter statute has been construed as above indicated. Second, the statute is not applicable because it does not refer, and does not purport to refer, to the survival of causes of action, but only to assignment. It may be true that, at common law, the conditions which would make an action assignable would likewise make it survivable; but it would not follow from this that a statute which deals only with assignment of causes of action could be broadened so as to include survival of causes of action. It thus appears that this action does not survive by virtue of any statutory provision enacted by the legislature of this state.

The question then arises whether it survives by virtue of the common law. It may be admitted, for the purposes of this opinion, that the common law of this state includes the statutes of 4 Edward III, and 3 and 4 William IV, which modified the old common law of England. The statute first mentioned has no application here. The second statute provided that an action could be maintained against the executors or administrators of a person deceased for any wrong committed by him in his lifetime to another in respect to his property, real or personal. Statutes, alike in terms or substance, have been enacted in a number of states in this country. The courts of England and the courts of the various states where like or similar statutes exist have uniformly construed them as applying only to damages done to some specific real or personal estate of which one may be the owner, and that they do not apply to a mere fraud or cheat by which one sustains a pecuniary loss, as this is not damage done to a personal estate. *Phillips v. Homfray,* 24 L. R. (1883), Ch. Div. 439; *Peek v. Gurney,* 6 L. R. (1873), Eng. and Irish App. 377; *Leggate v. Moulton,* 115 Mass. 552; *John V. Far-*

*well Co. v. Wolf,* 96 Wis. 10, 70 N. W. 289, 71 N. W. 109, 65 Am. St. 22, 37 L. R. A. 138; *Stebbins v. Dean,* 82 Mich. 385, 46 N. W. 778.

Without assembling the cases, it may be said the decisions in a number of other states are of like import. No case has been cited where a different construction of the statute has been adopted. Our attention has been called to a number of decisions from this court, as well as from others, where it has been held that a cause of action survived and could be prosecuted against the administrator or executor of the deceased. An examination of the opinion in each of these cases discloses that in none of them was the action a pure action in tort for unliquidated damages, as here. Each of the cases cited and relied on falls within one of the well recognized classes of survivorship, such as where a tort may be waived and the suit brought in quasi contract; where a right of rescission exists; where specific property passed to the deceased upon a trust; where the action is one of recognized equity jurisdiction, or where the estate of the deceased has been directly enriched by the fraud complained of. The present action falls within none of the classes where survival exists.

The judgment will be affirmed.

CHADWICK, C. J., MITCHELL, MACKINTOSH, and TOLMAN, JJ., concur.