D. J. O'KEEFE AND OTHERS v. LeROY F. SCOTT AND ANOTHER.
IDA M. KIRK, APPELLANT.[1]

October 15, 1937.

No. 31,355.

*Harroun, Anderson & Poseley,* for appellant.
*M. E. Culhane* and *Louis H. Joss,* for respondents.

HOLT, JUSTICE.

The appeal is from an order refusing to vacate a judgment.

Plaintiffs sued defendants LeRoy F. Scott and his mother, Lou A. Colliton, as makers of a $5,000 promissory note. There was an

[1]Reported in 275 N. W. 370.

appearance for both by M. A. Jordan, an attorney, who stipulated with plaintiffs' attorney for an extension of time to answer. Before answer, and on October 10, 1935, Colliton died. Her daughter, appellant, Ida M. Kirk, was duly appointed administratrix of the estate. Thereupon plaintiff moved the court to substitute appellant as defendant in place of Lou A. Colliton. Service of notice of the motion was made upon M. A. Jordan, the attorney who appeared and stipulated for Scott and Colliton, and upon A. E. Harroun, the attorney for appellant administratrix. By order filed March 28, 1936, substitution was made, and appellant and Scott were granted leave to answer. They answered separately, appellant alleged as a defense that she was an accommodation maker of the note and payment; but raised no jurisdictional objection to the substitution, nor did she appeal from the order allowing substitution. The case was duly tried and verdict against both defendants, viz., Scott and appellant, rendered, upon which, on August 11, 1936, judgment was entered and docketed. On December 12, 1936, the attorney who answered and tried the case for appellant moved to vacate the judgment on the ground that no summons had been served on Colliton in her lifetime, hence the court was without jurisdiction to grant substitution. The motion was denied, and this appeal followed.

Error is assigned upon the court's refusal to order M. A. Jordan to appear and testify orally on the hearing of the motion to vacate the judgment. Aside from being a discretionary matter, we are of the opinion that there is no need to consider that alleged error at this time, nor the question upon whom is the burden of proof to show the authority of the attorney when a plaintiff obtains a judgment against a defendant who has not been served with summons, but such attorney admitted service of summons, or when he appears generally or answers; for we deem appellant concluded by the order of substitution.

She should be held concluded for two reasons: First, the order is appealable, and she did not appeal therefrom. National Council of Knights and Ladies of Security v. Weisler, 131 Minn. 365, 155 N. W. 396. Second, it appears that no one was in better position

to know that no service of summons had been made than appellant, yet she did not raise that objection to the substitution, but answered on the merits; and, in the motion to vacate the judgment, Jordan's authority to make a general appearance in the case for Colliton is not questioned. It is now too late to attack the order of substitution or its legal effect. We cannot agree with appellant's counsel that the order of substitution, although conclusive if the want of service of summons had been, on the hearing, fully litigated, is not so now, because no objections were presented or considered. The answer is that they could have been raised and litigated. All the facts were within appellant's knowledge then. She deliberately elected to try plaintiffs' cause of action on the merits. And even on this motion to vacate the judgment, Jordan's authority to appear and stipulate, as he did, is not questioned.

The order is affirmed.