[No. 28641. Department One. July 23, 1942.]

WEST COAST LIFE INSURANCE COMPANY, *Appellant*, v. DINO MORI *et al.*, *Respondents.*[1]

[1]Reported in 128 P. (2d) 286.

*McMicken, Rupp & Schweppe* and *J. Gordon Gose,* for appellant.

*Gagliardi & Ursich* and *Anthony L. Stella,* for respondent.

MAIN, J.—This action was brought to cancel a life insurance policy on the ground of fraud.

December 16, 1938, the plaintiff, the West Coast Life Insurance Company, issued a policy of life insurance to one Dino Mori in the sum of two thousand dollars. The policy named Thelma Mori, the wife of the insured, as beneficiary.

December 14, 1940, the insurance company commenced an action in the superior court of the state of Washington, for King county, against the insured and his wife, seeking a cancellation of the policy, for the reason, as alleged, that Mr. Mori fraudulently represented his previous condition of health, in that, in his application for the insurance, he stated that he had never been under observation or treatment at any hospital or sanatorium or had consulted a physician with reference to any disease of his heart, blood vessels, or lungs. In this connection, it was alleged that he had been afflicted with tuberculosis of the lungs as early as the year 1927, and had been confined in the Laurel Beach sanatorium, in King county, from April 14, 1927, to June 3, 1929, receiving treatment by physicians for this disease.

The complaint in the action was filed with the clerk of the superior court of King county, December 14, 1940, and service of the summons and a copy of the complaint was made upon both Mr. and Mrs. Mori on the same day. Thereafter, and on December 31, 1940, Mrs. Mori appeared in the action by filing a motion

to change the venue of the cause from King county to Pierce county. May 1, 1941, an order was entered in accordance with the stipulation of the attorneys for the respective parties, transferring the cause to Pierce county.

Mr. Mori died February 24, 1941. November 7, 1941, the insurance company filed a motion for default against the defendant Mrs. Mori. Before a hearing was had upon the motion, Mrs. Mori appeared and filed a motion to abate the action on the ground that the community composed of herself and husband had been dissolved by the death of Mr. Mori, and by reason of that death the action abated.

It will be admitted that the death of Mr. Mori worked a dissolution of the community, but it will not be admitted that the action abated by reason of his death. November 22, 1941, the motion for default and the motion and plea in abatement and a demurrer to the complaint came on for hearing and resulted in an order entered November 24, 1941, abating and dismissing the action. Thereafter, the insurance company made a motion for an order continuing the action against the personal representative of Mr. Mori as soon as a suitable person could be appointed as administrator of his estate, and also for an order continuing the action against Mrs. Mori as a member of the former marital community, and as beneficiary under the policy of insurance. This motion was denied December 6, 1941, by an order entered on that day. Thereupon, the insurance company appealed from both orders.

The first question to be considered is whether the cause of action stated in the complaint survived after the death of Mr. Mori.

Rem. Rev. Stat., § 193 [P. C. § 8274], provides that:

"No action shall abate by the death, marriage or other disability of the party, or by the transfer of any interest therein, if the cause of action survive or con-

tinue; but the court may at any time within one year thereafter, on motion, allow the action to be continued by or against his representatives or successors in interest."

It will be noticed that this section first provides that no action shall abate if the cause of action survives or continues, and that the court at any time within one year may allow the action to be continued by or against the personal representatives of a deceased or his successors in interest. It will be further observed that the statute does not define what causes of action survive; so, recourse must be had to the common law upon that subject.

█ It must be remembered that this action for rescission was one of equitable cognizance, and was not one which would be called a purely law action. Causes of action in equity have always survived the death of a party plaintiff or defendant. The earliest expression upon this question, to which our attention has been called, is in the case of *Clarke v. Mathewson,* 12 Peters (37 U. S.) 164, 9 L. Ed. 1041, wherein it is said:

"The death of either party, pending the suit, does not, where the cause of action survives, amount to a determination of the suit. It might in suits at common law, upon the mere principles of that law, have produced an abatement of the suit, which would have destroyed it. But in courts of equity, an abatement of the suit, by the death of a party, has always been held to have a very different effect; for such abatement amounts to a mere suspension, and not to a determination of the suit. It may again be put in motion by a bill of revivor, and the proceedings being revived, the cause proceeds to its regular determination as an original bill. The bill of revivor is not the commencement of a new suit; but is the mere continuation of the old suit."

The rule of that case is distinctly recognized in the case of *State ex rel. Baeder v. Blake,* 107 Wash. 294, 181 Pac. 685, where it is pointed out that the cause of action survives in an action for rescission and where the action is one of recognized equity jurisdiction. So far as we are informed, there are no authorities to the contrary.

It has been distinctly held that the rule of survival of the cause of action applies in a suit to cancel a life insurance policy brought in the defendant's lifetime, and that the death of the insured does not oust the court of jurisdiction. *National Council K. & L. of S. v. Weisler,* 131 Minn. 365, 155 N. W. 396; *Kanevsky v. National Council K. & L. of S.,* 132 Minn. 422, 157 N. W. 646; *Security Trust Co. v. Tarpey,* 66 Ill. App. 589. The respondent, Mrs. Mori, attempts to distinguish these cases on the ground that in each of them the insured, during his lifetime, had appeared in the action; but the attempted distinction is without merit.

In the case now before us, as above appears, Mr. and Mrs. Mori were both served with summons and a copy of the complaint on the day that the complaint was filed. When this service was made, the court acquired jurisdiction of Mr. Mori, as well as of Mrs. Mori, even though the return of service was not filed until after the death of Mr. Mori. The jurisdiction attached at the time of the service, and not at the time of the filing of the return. *State ex rel. Dahl v. Superior Court,* 13 Wn. (2d) 626, 126 P. (2d) 199.

Our conclusion on this branch of the case is that the cause of action survived against a personal representative of Mr. Mori and against Mrs. Mori, as beneficiary named in the insurance policy. The order entered abating and dismissing the cause of action was not in accordance with the law as above indicated. If any order was entered at that time, it should have

been an order of suspension and not an order of abatement; and no order of dismissal should have been entered, because Rem. Rev. Stat., § 193, gave the insurance company the right, upon application within one year, to have the action continued against the personal representative of the insured.

██ This brings us to the question of whether, after the order of dismissal was entered, the right of the insurance company to have the action continued still existed.

In the case of *Overlock v. Shinn,* 28 Wash. 205, 68 Pac. 436, it was pointed out that the last clause in the statute was a limitation upon the first, and it was there said:

"The statute conferring the right must, therefore, be read as a whole, and effect be given, if possible, to all of its provisions. In the statute before us, while it states in the first clause, as the appellant says, that no action shall abate by the death of a party, it is plain that the second clause is a limitation upon the first. By this second clause the right of the representative to continue the action is limited to one year."

And further, in the same connection, it was said:

"It was intended to be remedial; to promote justice, not to operate as a denial thereof; and a proper construction of its provisions authorizes the conclusion that an action after the death of a party abates if no application is made to continue it within one year after the death of such party."

The excerpts here quoted from that case were quoted, with approval, in the case of *Gordon v. Hillman,* 109 Wash. 223, 186 Pac. 651.

The supreme court of the state of Oregon has held, in construing a statute, alike in meaning to that which is now before us, that the personal representatives or successors in interest of a deceased party have one year after the death of a party to the action to apply for

leave to continue the suit. *Dick v. Kendall,* 6 Ore. 166; *White v. Ladd,* 34 Ore. 422, 56 Pac. 515.

The insurance company having the right within one year to have the cause of action continued, it could not be deprived of that right by the entering of the order of abatement and dismissal of the action within that period of time.

In support of the demurrer, above referred to, it is said that the complaint nowhere alleges that Mrs. Mori was named as beneficiary in the policy. The policy, however, was attached to the complaint, and, by appropriate reference, was made a part thereof, and the policy distinctly, as above appears, named Mrs. Mori as beneficiary. We see no merit in this contention.

The order abating and dismissing the action will be reversed, and the cause remanded with direction to proceed as herein indicated.

ROBINSON, C. J., MILLARD, SIMPSON, and DRIVER, JJ., concur.