MISSOURI SLOPE LIVESTOCK AUCTION,
INC., a North Dakota corporation,
Plaintiff and Respondent,

v.

Eugene C. WACHTER and P. A. Wachter,
Defendants and Appellants.

No. 7984.

Supreme Court of North Dakota.

Jan. 26, 1962.

Vogel, Ulmer & Bair, Mandan, for plaintiff and respondent.

Zuger, Zuger & Bucklin, Bismarck, for appellants.

MORRIS, Judge.

This is an action for damages for breach of a contract to convey real property. A verdict was rendered for the plaintiff and upon appeal to the supreme court a judgment that had been entered pursuant to the verdict was reversed and a new trial granted, N.D., 107 N.W.2d 349, because of erroneous instructions with respect to the measure of damages.

During the pendency of the appeal both of the defendants died. On December 1, 1960, letters of administration of the estate of Eugene C. Wachter were issued to James P. Wachter and Maurice J. Ratzlaff. A hearing on creditors' claims was set for March 22, 1961, and notice to creditors duly published. No claim was filed on behalf of the plaintiff herein in the county court.

Letters testamentary under the will of P. A. Wachter were issued to Paul H. Wachter, Camille Wachter Homme and Maurice Ratzlaff, appointing them executors, on February 24, 1961. A hearing on claims was set for June 15, 1961, and notice thereof duly published. The plaintiff filed no claim. On September 28, 1961, the plaintiff moved the court in this action to substitute the administrators and executors of the respective deceased defendants.

Section 30-18-04, NDCC, provides:

"All claims against the estate of a decedent arising upon contract, whether due, not due, or contingent, must be presented within the time limited in the notice to creditors and any claim not so presented is barred forever."

The district court, after submission and consideration of plaintiff's motion, granted the motion by an order which stated:

"In order to have a new trial as ordered by the Supreme Court, there must be substitution of parties"

and further directed,

"that any defenses to said action that the substituted defendants may have

against the enforcement of the claim set forth in the Complaint may be set forth in amended Answers to be made and served on or before January 2, 1962."

The personal representatives above named appeal from that order. The plaintiff and respondent challenges the appealability of the order and takes the further position that if the order is appealable, it must be sustained on the merits.

Section 30–24–15, NDCC, provides that:

"Any action which may be pending against a deceased person at the time of his death may be prosecuted to final judgment, if the cause of action survives, and the executor or administrator may defend the same."

Rule 25(a) (1), N.D.R.Civ.P., provides:

"If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by the successors or representatives of the deceased party or by any party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. If substitution is not made within a reasonable time, the action may be dismissed as to the deceased party."

Section 28–01–26.1, NDCC, provides:

"No action or cause of action, except for breach of promise, alienation of affections, libel and slander, shall abate by the death of a party or of a person who might have been a party had such death not occurred."

The only actions or causes of action that are extinguished by the death of a party are those specifically enumerated in Section 28–01–26.1. Before a motion made under Rule 25 for the substitution of a personal representative to take the place of a deceased party in a pending action can be granted the court must determine first, that the party is dead; second, that the claim or cause of action was not extinguished by the death, and third, that the party sought to be substituted is the successor or representative of the deceased party. In this case the deaths and the appointments of the representatives of the deceased parties are conceded. The motion for substitution was resisted solely on the ground that the cause of action did not survive. The order is challenged on the same ground in this court. Whether or not the order is appealable depends on whether it falls within Section 28–27–02, NDCC, which enumerates among orders that are appealable "(5) An order which involves the merits of an action or some part thereof;".

"Whether a particular action is of a kind that survives for or against the personal representative of a deceased person is a question of right and not of procedure." 1 C.J.S. Abatement and Revival § 114.

Section 30–24–15, NDCC, and Rule 25(a) (1), N.D.R.Civ.P., are procedural. Neither confers or withholds substantial rights. They merely provide what procedure may be taken "if the cause of action survives" or "if a party dies and the claim is not thereby extinguished." Federal Practice & Procedure, Barron & Holtzoff, Section 621. But where, as here, the motion is resisted on the ground that the cause of action does not survive, there is inherent in the decision on the motion the question of substantive right as to whether the cause of action survives the death of the defendants.

In Bolton v. Donavan, 9 N.D. 575, 84 N.W. 357, this court said:

"The term 'merits,' as used by the profession, when applied to actions, usually denotes the subject or ground

of an action as stated in the complaint, or the grounds of the defense as stated in the answer; and a trial of the merits of an action generally means the elicitation of evidence in support of the averments of fact set out in the pleadings. But the courts, in construing statutes governing appeals from interlocutory orders, have frequently enlarged this meaning, and have held that the phrase 'involves the merits' must be so interpreted as to embrace orders which pass upon the substantial legal rights of the suitor, whether such rights do or do not relate directly to the cause of action or subject-matter in controversy."

In National Council of Knights and Ladies of Security v. Weisler, 131 Minn. 365, 155 N.W. 396, the court considered the appealability of an order of substitution made pursuant to Section 7685, Minnesota General Statutes 1913, which provided:

"No action shall abate by reason of the death * * * of a party * * * if the cause of action continues or survives. In such cases the court, on motion, may substitute the representative or successor in interest. * * *"

On the death of the defendant, the plaintiff moved for and obtained an order substituting the appellants as parties defendant. The Supreme Court of Minnesota held that the order was appealable.

■ When the court granted the motion and made the order appealed from, he necessarily determined that the claim was not extinguished by the death and that the cause of action survived. This determination, while it does not relate to the subject matter of the action, relates directly to the cause of action and its continued existence and intrinsically involves the merits. The order is therefore appealable under Section 28–27–02(5), NDCC.

■ What has been necessary for us to say in determining the appealability of the order forecasts in some measure our determination with respect to appellants' contention that it was error for the court to grant substitution. The appellants do not contend that the cause of action abated upon the deaths of the decedents whose estates are being probated and whose personal representatives were substituted as parties defendant. However, they do contend that the cause of action being for damages for breach of contract, the claim against the estate of the decedent arising upon contract is required to be presented as a claim against each estate under the provisions of Section 30–18–04, NDCC, and since the claims were not so presented they are barred forever. It is then reasoned that the bar which the plaintiffs contend arose upon failure to file the claims in probate court constitutes an abatement and that at the time the motion was made the cause of action had been extinguished. Regardless of the merits of this contention, it is not tenable as against a motion for substitution of representatives of deceased parties based on Section 30–24–15, NDCC, and Rule 25 (a) (1), N.D.R.Civ.P. The statute and the rule deal with the right of substitution of executors and administrators in pending causes of action where a party has died and the cause of action survives the death. Whether the cause of action is barred by some occurrence after death is not a matter to be determined on a motion for substitution of parties. That is a matter which, if properly presented to the court, is to be determined on the trial of the action.

The order of substitution is affirmed and the matter is remanded to the district court with directions to provide additional and reasonable time for filing amended answers by the substituted defendants.

SATHRE, C. J., and BURKE, OBERT C. TEIGEN and STRUTZ, JJ., concur.