ROBERT F. WHITMER,

*vs.*

WILLIAM WHITMER AND SONS, INC.

*New Castle, Oct. 2, 1916.*

Defendant's answer, so far as used on hearing of his motion to dissolve a restraining order issued *ex parte* in advance of answer, is properly construed as a mere affidavit.

*Ex parte* injunctive relief must be based on allegations in the bill, showing the urgency of the need for protection of the order, and the exigencies of each case must be considered, that the Chancellor be moved to exercise his discretionary power.

Where a restraining order is issued *ex parte* in advance of the answer, upon filing of the answer, or at any time, defendant has the right to move to have the restraining order dissolved.

A corporation in respect to answering a bill in equity, speaks by its corporate seal.

Under the rules of the Court of Chancery, the answer of a corporation is complete without an affidavit; there being no rule of court providing specifically by what officer or how an affidavit shall be made in such case.

An answer need be only a pleading, unless interrogatories be filed with it.

The answer of a corporation, sought to be used in obtaining a dissolution of a restraining order issued *ex parte*, need not be verified by some person with knowledge of the facts; the volume and complexity of modern business corporations rendering the requirement impracticable.

In a receivership suit against a corporation, where there were no direct averments of threats to sell, remove, or conceal securities owned by the company pending hearing of the rule for preliminary injunction, or of facts from which danger of disposition of the securities could be inferred, which were held in a manner practically putting the most valuable of them beyond the company's power to dispose of, and the answer of the company denied its insolvency and the allegations respecting the value of its assets and resources, as compared with its liabilities, a restraining order, inhibiting disposition of the securities by the company issued *ex parte* prior to answer, will be dissolved, unless suitable security be given by complainant.

MOTION TO DISSOLVE RESTRAINING ORDER made respecting securities owned by the defendant company.   The facts are sufficiently stated in the opinion.

*Herbert H. Ward*, for the complainant.
*Hugh M. Morris* and *Richard S. Rodney*, for the defendant.

THE CHANCELLOR.   The bill seeks the appointment of a receiver of a Delaware corporation on the ground of its insolvency based on an excess of liabilities over assets.   Upon the filing of the bill an order was made restraining the defendant company from disposing of the securities held by it until the hearing of a rule for the appointment of a receiver *pendente lite*; or until the further order of the Chancellor.   In advance of the time fixed therefor by the rules the answer of the defendant was filed and a motion made by the defendant to dissolve the restraining order.   The motion was heard upon the bill and answer.

In *Marvel v. Ortlip, 3 Del. Ch.* 9, 17, Chancellor Bates stated what was and is the practice, that the answer, so far as it is used at such hearing, is properly treated as a mere affidavit. In this State an *ex parte* injunctive order is called a restraining order to distinguish it from a preliminary injunction, which is the order made after hearing. There was some discussion as to the origin of the present practice of granting a restraining order *ex parte* upon the filing of the bill, based on the allegations thereof. But the origin is not clear. It certainly had no connection with an early English practice respecting common injunctions issued in advance of an answer in a suit to enjoin a suit at law, as explained by Chancellor Bates in the case above cited; for every injunction is granted here by special order. It is not important, if it be likely to be successful, to inquire as to the origin of the established practice.

Such *ex parte* relief must, of course, be based on allegations in the bill showing the urgency of the need for the protection to be obtained by the order, and the requirements cannot be more specifically stated, for ultimately the exigencies of each case must be considered in order that the Chancellor be moved to exercise his discretionary power. Where, however, a restraining order is issued *ex parte* in advance of an answer, then upon the filing of the answer, or at any time, the defendant has a right to move to have the restraining order dissolved; and as stated above, on the hearing of such motion the answer, if it has been filed, will be treated as an affidavit. Invariably the hearing should be had "with all possible dispatch consistent with a fair consideration of the subject," as Chancellor Bates said. Personally, I do not see any reason why after an answer has been filed the procedure for the hearing of a motion to dissolve a restraining order should be different from that provided by the rules respecting the dissolution of a preliminary injunction, provided the exigencies of the case be apparent.

Upon one point raised there should be a ruling. The answer being that of a corporation was properly signed by the corporation by the president, and its seal attached, attested by the secretary, for a corporation in this respect speaks by its corporate seal. The answer in this case is followed by an

affidavit of the president that what is contained in the answer "so far as concerns the acts and deeds of the deponent is true of his own knowledge, and that what relates to the act and deed of any other person he believes to be true." It was objected that this affidavit was not sufficient for the purposes of this motion, in that it did not state that the facts therein stated were true, or true in the knowledge of the affiant, or show that the affiant had knowledge of the facts. For this 10 *Encycloepedia of Pleading and Practice*, 1075, and *Fulton Bank v. N. Y., etc., Canal Co.,* 1 *Paige* (*N. Y.*) 311, were cited. But on examination of the cases there cited, including the case of *Balto., etc., R. R. Co. v. Wheeling*, 13 *Grat.* (*Va.*) 40, which took a different view, I cannot assent to the proposition. It is a practical rather than a theoretical question. The object of the answer is primarily to furnish evidence for the complainant, and secondarily to set up the case on which the defendant relies either by denial or avoidance. Under the rules of this court the answer of a corporation is complete without an affidavit. Indeed, there is no rule of court which provides specifically by what officer, or how an affidavit shall be made in such case. As the rules now stand an answer need be only a pleading, unless interrogatories be filed with it. These considerations seem to make it desirable that in order to make use of an answer of a corporation in order to obtain a dissolution of an injunction it should be verified by some person having knowledge of the facts, as the question of dissolution depends on the verity of the allegations of the answer, and especially the denials therein of allegations of the bill. But, however desirable theoretically, yet practically such affidavit would not in general be of real assistance to the court, for it would impose on a conscientious president an undue burden if he must aver his own knowledge of them, or tend to multiply affiants if the president of the company were not permitted to state matters on information and belief and not as of his own knowledge. However desirable it is impracticable in view of the volume and complexity of modern business corporations, as to whose transactions in most cases no one person is competent to make averments based on his own knowledge in such

way as to give credence to his statement. For these reasons, I do not adopt a rule doubtful as to authority and usefulness. It should be stated, however, that at such a hearing greater weight should be given to an answer with verifying affidavit made by one who as appears therein has knowledge of the facts and attests the verity of the answer based on that knowledge.

Looking, therefore, to the allegations of the bill in themselves, and as affected by the denials of the answer. I am convinced that not only because of these denials of insolvency and the allegations respecting the value of the assets and resources of the company as compared with its liabilities; and considering the absence of either direct averments of threats to sell, remove or conceal the securities owned by the company pending the hearing of the rule for a preliminary injunction soon to be heard, or of facts from which a danger of such disposition of the securities could be inferred; and in view of the manner in which they are now held, which practically puts the most valuable of them beyond the power of the company to dispose thereof; the restraining order should now be dissolved unless suitable security be given by the complainant therefor. It is entirely within the power of the court to require such bond under such circumstances, and it has been done by me when occasion seemed to require it.

The motion to dissolve the restraining order will be granted, unless the complainant within a time to be fixed in the order give an injunction bond in a sum to be fixed, with sufficient surety.