THE CONNECTICUT MUTUAL LIFE INSURANCE COMPANY, a corporation of the State of Connecticut,

*vs.*

MERRITT-CHAPMAN & SCOTT CORPORATION, a corporation of the State of Delaware.

*New Castle, Dec. 12, 1932.*

104

*E. Ennalls Berl,* of the firm of Ward & Gray, for complainant.

*Hugh M. Morris* and *Edwin D. Steel, Jr.,* and *Stephen P. Anderson,* of New York City, for defendant.

THE CHANCELLOR: The jurisdiction of this court to entertain a bill of the pending sort is for the present purpose conceded by the defendant. The concession, however, is only temporary, the point being reserved for final hearing. See upon the question, *Prudential Ins. Co. v. Merritt-Chapman & Scott Corp.,* 111 *N. J. Eq.* 166, 162 *A.* 139.

The argument upon the pending motion has, principally, narrowed the question to this—Was the suit in this court commenced before the law action in the Supreme Court of New York, and, if so, should this court, in support of its own prior jurisdiction, restrain further proceedings in the New York action pending determination of the controversy here?

The bill was filed here on June 28, 1932. Subpoena issued on that day and was served on June 29, 1932, in the afternoon. The defendant's law action was filed in New York on June 29, 1932, and summons was served in the morning of that day.

The complainant contends that the suit was instituted here and jurisdiction acquired before the defendant commenced its action in New York. The defendant on the other hand contends that the suit here was not commenced and jurisdiction acquired until the subpoena was served, and as that was subsequent to the service of the summons in the New York action, the suit here was not instituted prior to the New York action.

These contentions make it necessary to determine the time when a suit in Chancery in this jurisdiction may be said to have been instituted. It appears to be well settled that a *lis pendens,* is of itself notice to a *bona fide* purchaser, but that there must be service of the subpoena before the *lis* can be said to be pending. *Lockwood v. Bates, et al.,* 1 *Del. Ch.* 435, 12 *Am. Dec.* 121; *Murray v. Ballou,* 1 *Johns. Ch. (N. Y.)* 577. The question before the court,

however, is not one of that kind. Here the question is—When as between the parties to this cause did the court take jurisdiction of it? When that is the question, considerations different from those applicable to *lis pendens* as notice to a stranger are to be taken into account. This is evident from the remarks made by Judge Houston, speaking for the Court of Errors and Appeals, in *Rice v. McCaulley,* 7 *Houst.* 226, 31 *A.* 240. The difference between the two cases is also noted by the Supreme Court of the United States in *Farmers' Loan, etc., Co. v. Lake Street Elevated R. R. Co.,* 177 *U. S.* 51, 20 *S. Ct.* 564, 44 *L. Ed.* 667, where, while the rule is stated that *lis pendens* as notice to a *bona fide* purchaser can begin only after subpoena served, it is expressly held that jurisdiction of a foreclosure suit, so far as parties to it are concerned, commences by the filing of the bill. Those cases cited by the defendant, therefore, which hold that jurisdiction is not acquired until subpoena has been served and which rely for their authority upon decisions dealing with *lis pendens* as notice to strangers, are not acceptable as persuasive on the point here involved.

If we were to follow the analogy of the rule prevailing at law in this jurisdiction, jurisdiction of the pending cause would date from the time the bill was filed. At law cognizance of the action is taken by the court when the praecipe is filed with the prothonotary. *Rice v. McCaulley, supra; Philadelphia, B. & W. R. R. Co., v. Gatta,* 4 *Boyce* 38, 85 *A.* 721, 47 *L. R. A.* (*N. S.*) 932, *Ann. Cas.* 1916*E,* 1227; 1 *Woolley, Delaware Practice,* §§ 161, 178. The prayer for subpoena, which is uniformly found in bills in equity in this jurisdiction, might be said to correspond to the praecipe at law, especially when it is remembered that under our practice the subpoena automatically issues without special order, unless a short return is desired, in which case a special order is entered for the purpose only of fixing a return day shorter than the standing one prescribed by the rules.

It is not necessary, however, for me to decide in this case that jurisdiction was acquired immediately upon the filing of the bill. This is for the reason that the subpoena was actually issued on June 28, the day before the New York action was instituted. It was followed by service on the next day. Where subpoena is issued and a *bona fide* attempt made to serve it, and such service is later effected, the following cases are to the effect that as between the parties jurisdiction was assumed at the time of the issuance of the subpoena: *Bittles v. West Ridgelawn Cemetery,* 108 *N. J. Eq.* 357, 155 *A.* 130; *Malba Terrace Corp. v. Portaupeck Properties,* 105 *N. J. Eq.* 453, 148 *A.* 206; *Lehigh Valley R. R. Co. v. Andrus,* 91 *N. J. Eq.* 225, 109 *A.* 746; *Fitch v. Smith,* 10 *Paige* (*N. Y.*) 9; *Webb v. Pell,* 1 *Paige* (*N. Y.*) 564; *Fairbanks v. Farwell,* 141 *Ill.* 354, 30 *N. E.* 1056. In other jurisdictions a suit in equity is considered as having commenced at the time of the filing of the bill. *Sheridan v. Cameron,* 65 *Mich.* 680, 32 *N. W.* 894; *Clark v. Slayton,* 63 *N. H.* 402, 1 *A.* 113; *Collins v. North British, etc., Ins. Co.,* 91 *Tenn.* 432, 19 *S. W.* 525. In *Greenwood v. Warren,* 120 *Ala.* 71, 23 *So.* 686, it is stated that the rule under the general practice is the same as under the code, viz., that the filing of a bill marks the commencement of the suit.

Whether the first group of cases just cited or the second group should be accepted as defining the correct rule, it is not necessary for the purposes of this case to determine, for the facts here are such as to satisfy the requirements of the rule of either group. Together the cases cited in the two groups express the weight of authority to the effect that a suit in equity, for such purposes as the present one, is commenced and the jurisdiction aroused as soon, at least, as a subpoena issues upon a bill filed and a *bona fide* attempt at service is made, followed by service in fact. That is as far as the facts of the instant case make it necessary for the court to go. To say more than that would be uncalled for.

The suit here was therefore commenced before the action in the New York Supreme Court was instituted. Ought the injunctive process of this court issue restraining the further prosecution of the New York action? The two suits are between the same parties and involve the same controversy, viz., whether or not the policy of insurance was induced to be issued by fraud. Suit was commenced by the insurer in this court to secure a cancellation of the policy and an injunction against actions at law for its collection; and soon thereafter the defendant herein, with advance knowledge, I think it is fair to say, that a bill for cancellation would be if it had not already been filed, inaugurated an action at law in the Supreme Court of New York based on the policy contract as a good and valid one. Thus by its action in New York the defendant sought to draw the subject of the Delaware bill to a jurisdiction of its own choosing for hearing and determination. That I am of the opinion should not be countenanced. In *High on Injunctions, (4th Ed.)* § 48, it is said that: "The propriety of confining litigation to the forum in which it is first commenced has repeatedly been recognized by courts of equity, and an injunction will generally be allowed to prevent either party from removing the litigation into another court."

In *Kanevsky v. National Council, etc.,* 132 *Minn.* 422, 157 *N. W.* 646, 647, the rule is described as a familiar one that "where a court of equity once acquires jurisdiction of the parties and of the subject-matter of an action, it will retain jurisdiction and proceed to a decree, and as an incident will restrain the prosecutions of actions at law, subsequently commenced which interfere with the exercise of its jurisdiction." See, also, *Hadfield v. Bartlett,* 66 *Wis.* 634, 29 *N. W.* 639; *Blume v. J. I. Case Threshing Machine Co., (Tex. Civ. App.)* 225 *S. W.* 831; *Mutual Life Ins. Co. v. Blair, (C. C.)* 130 *F.* 971.

The defendant argues that its action in New York

has been removed to the United States District Court and that under the Federal statute the complainant here as defendant in that action is at liberty not only to set up the alleged fraud in procuring the policy as a defense but may as well go further and seek by way of cross-relief the very remedy of cancellation which the pending bill was filed to secure. And so, it is argued, in the New York action the complainant as defendant there can secure everything which it seeks here, and that therefore the preliminary injunction ought not to issue. This argument is answered by *Mutual Life Ins. Co. v. Blair, supra,* in which the court said that the fact that an adequate and complete remedy at law could be afforded a plaintiff in equity by way of defense to an action at law subsequently instituted against him by his adversary, could not serve to render improper the extension of injunctive relief to him in the equity cause which he instituted before the action at law was commenced.

The preliminary injunction will issue as prayed.