BERNARD PEYTON, Trustee Under Declaration of Trust
dated August 21, 1936,

*vs.*

WILLIAM C. PEYTON CORPORATION, a corporation organized
and existing unders the Laws of the Sate of Delaware,
and ANNE DU PONT PEYTON.

*New Castle, Oct.* 14, 1936.

300

302

*Hugh M. Morris* and *Edwin D. Steel, Jr.,* both of Wilmington, for complainant.

*Clarence A. Southerland,* of the firm of Ward & Gray, of Wilmington, for defendant William C. Peyton Corporation.

THE CHANCELLOR: The sole purpose of this bill is to remove a cloud from the complainant's title to the Peyton-du Pont Securities Company's stock. It does not seek a decree requiring the delivery of a new certificate to the complainant. Another bill, I believe, has been filed against that company seeking the registration of the complainant as a stockholder and the delivery to him of a certificate.

The bill seeks to free the complainant's title to the stock from any adverse claim by either Mrs. Peyton or William C. Peyton Corporation, parties hereto.

The adverse claim which the complainant seeks to dissipate as a cloud on his title arises out of the alleged agreement made between Mr. and Mrs. Peyton. Mr. Peyton's rights under that agreement are primarily assertable by the representatives of his estate. The defendant, William, C. Peyton Corporation, which was created by the executors under the will, is at best a third party beneficiary. The executors are the parties upon whom the duty rests of effectuating the plan which the will and Mrs. Peyton's

agreement contemplated. They may use the William C. Peyton Corporation, the defendant, as the chosen instrumentality for the plan's operation; or they may, if they choose, incorporate another company, in another state and decide to use it as the chosen instrumentality. The will gives them liberty of action in that respect. I mention that circumstance in order to emphasize the very great and, I may say, vital interest which the executors, as the representatives of Mr. Peyton, have in the question of the validity of Mrs. Peyton's agreement, a question which lies at the bottom of the complainant's case.

The executors are not parties to this cause. A decree here cannot therefore conclude them. Certainly then, no restraining order should issue that presumes to interfere with their right to sue in any jurisdiction in which they may choose to sue.

If they should sue elsewhere and the court, after obtaining jurisdiction of all parties in interest, should enter a decree declaring that William C. Peyton Corporation is entitled to the stock, this court ought not to restrain that corporation from enjoying the benefit of the decree. For this court to undertake to do that, would be for it seriously to interfere with the rights of parties, *viz.*, the executors, over whom this court had never obtained jurisdiction. The restraining order, in so far as it seeks to accomplish that result should therefore not issue. If it were to issue, its utter futility to accomplish any material result, would be exposed by the simple expedient of the organization by the executors of another corporation to take the benfit of the decree in place of the particular one, defendant in this suit, against which the restraint would be outstanding.

It would seem that there can never be a final determination of the controversy which emerges from the facts of this case, until the executors who are charged with the duty of effectuating the plan which Peyton, in apparent agreement with his wife, devised, are before some court of competent jurisdiction.

The executors are at liberty to sue and this court on the present bill should not assume to enjoin them from doing so. If they sue elsewhere, no obstacle should be put in their way by this court to join all persons as parties whose presence is necessary to a final and complete termination of the controversy. To a bill by the executors against the complainant and his mother which sought to compel the consummation of the plan, the corporation which was formed to receive the stock would appear to be a necessary party. If the present corporate defendant is the particular corporation which the executors continue to desire to use for that purpose, it ought to be made a party to any suit which the executors are at full liberty to inaugurate, either as plaintiff or defendant. The present application would restrain it from joining with the executors as a party plaintiff. No restraint, however, can be laid by this court upon the executors against their joining it as a party defendant, because the executors are beyond this court's jurisdiction. Therefore, it is apparent that the injunctive process of this court is impotent to confine the consideration of the controversy to this jurisdiction.

It is true that where a court of equity has jurisdiction of the parties and the subject matter of a suit, it will prevent the defendant from removing the controversy to another jurisdiction through the device of a suit later instituted in such other jurisdiction. *Connecticut Mutual Life Ins. Co. v. Merritt-Chapman & Scott Corporation,* 19 *Del. Ch.* 103, 163 *A.* 646; *Gray Co. v. Alemite Corporation,* 20 *Del. Ch.* 244, 263, 174 *A.* 136, 143. This rule is in the interest of the due and orderly administraion of justice and of the integrity of judgments and decrees. 32 *C. J. p.* 88.

But where the courts of the forum in which the first suit was inaugurated are, by reason of the absence of jurisdiction over all the parties in interest, powerless to render a decree that finally and completely concludes the matter in controversy, an injunction ought not to issue against the bringing of suits elsewhere if the effect of such injunction

would be to interfere with an attempt by the defendant to bring the matter to a head before some other court where all the parties could be served and their respective claims conclusively determined. Such I apprehend would be the tendancy in result if the restraining order were to issue in this case as prayed for. In the case *sub judice*, the only parties who would be bound by the decree are William C. Peyton Corporation and Mrs. Peyton. The representatives of the estate of Mr. Peyton would not be concluded by the decree. It is certainly desirable that a suit be allowed to proceed in some jurisdiction where the executors can be before the court. It would be in the interest of speedy peace and repose to this controversy for the defendant William C. Peyton Corporation to join with the executors or trustees or both under the Peyton will, in a suit in a jurisdiction where the present complainant can be served as a party, and where, therefore, the controversy can be finally and completely settled. The injunctive process in matters of this kind is designed to focalize the rival contentions in a single forum. Where it is manifest that the original forum is one where such focalization is only partially possible, I think it is safe as a general rule for the process to be withheld.

The conclusion is that the restraining order will not issue. If the defendant William C. Peyton Corporation *alone* as the party complainant should inaugurate a suit elsewhere against the complainant and his mother and seek thereby to draw the subject matter of the present bill before another tribunal for hearing and determination, it might be that a restraining order against the prosecution of such suit ought to issue. It is not shown that William C. Peyton Corporation contemplates such a suit. It does not seem reasonable that it would inaugurate one. If it does, the complainant may renew his application for a restraining order. There can, however, be no objection to the corporation's joining as a complainant with the representatives of the estate of William C. Peyton in a suit elsewhere brought for

the purpose of compelling the complainant to subject the stock he received from his mother to the accomplishment of the plan which his father and mother are alleged to have agreed upon. Such a suit would be final and conclusive upon all parties in interest. The pending suit, even if the complainant prevails, will leave the controversy open to further litigation on the part of the executors.

Order in accordance with the foregoing.