85 A.2d 365 (1951)
SMITH
v.
BIGGS BOILER WORKS CO. et al.
Civ. A. No. 239.
Court of Chancery of Delaware, New Castle.
December 10, 1951.
John Van Brunt, Jr., David Snellenburg, II, Wilmington, for plaintiff.
William E. Taylor, Jr., Wilmington, for defendants.
LAYTON, Acting Vice-Chancellor.
On May 7, 1951, plaintiff filed a complaint to have declared void a voting trust agreement dated December 6, 1950, to which all of the issued stock of the Biggs Boiler Works Company, a Delaware corporation, is subject. In addition to the corporation, one Krizanek and one Steadman, two of the voting trustees, were joined as defendants. Plaintiff is the remaining voting trustee. The company was summoned by service upon its resident agent. A return of non sunt inventi was made as to the individual defendants who were accordingly served by publication upon order of this Court pursuant to Sec. 4374, Revised Code of Delaware, 1935 and Rule 4(d) of this Court. The defendant voting trustees have appeared specially upon a motion to vacate the service upon them. The defendant corporation has appeared generally on a motion to dismiss the complaint for lack of jurisdiction or, in the alternative, to strike certain specified paragraphs from the complaint. This action is in most respects similar to Civil Action 238 wherein, in effect, I declared this same voting trust agreement void for such period as the shares remained subject to an escrow agreement. See Del.Ch., 82 A.2d 372. The relief prayed for here differs only in that it seeks to have the agreement permanently voided.
Also to be decided is a petition by plaintiff for a temporary restraining order *366 against the two individual defendants to enjoin them from further prosecution of an action in Ohio, the purpose of which is to have declared valid the same voting trust agreement which is the subject of these two suits.
In Perrine v. Pennroad Corporation, 19 Del.Ch. 368, 168 A. 196, it was held that service by publication upon non-resident trustees of a Delaware voting trust was valid without seizure of the corporate stock constituting the trust res providing the relief prayed against the individual defendants was in their official capacity as trustees only. The result was based upon 2105, Sec. 73, Revised Code of 1935, which declares that for all purposes of title, action and jurisdiction of courts, the situs of shares in a Delaware corporation shall be regarded as within the State of Delaware.
This decision, then, disposes of the question unless 45 Del.Laws, Chapt. 159, The Uniform Stock Transfer Act, in any way changes the result reached in the Perrine case. Defendants argue that the Uniform Stock Transfer Act makes the certificate the share of stock itself and no longer do shares of stock in a Delaware corporation have their situs here. If this is correct, then jurisdiction can no longer be based upon the reasoning of the Perrine case. However, Chancellor, now Justice, Wolcott has passed upon this exact question in Hodson v. Hodson Corp., Del.Ch., 80 A.2d 180. This was an action against a corporation and one Jessie Price seeking, inter alia, the cancellation of 34 shares of stock previously issued by the corporate defendant to the individual defendant. Service by publication was made on Jessie Price. A special appearance was entered on her behalf on a motion to quash the service. The corporate defendant also moved for summary judgment upon the ground that Jessie Price was an indispensable party and neither she nor the shares of stock in question were within the jurisdiction of the Court. One of the principal arguments was that Sec. 16M of the Uniform Stock Transfer Act prohibited attachment or levy upon corporate shares unless they were actually seized or surrendered in Delaware and that a Court of Chancery would not assume jurisdiction of an action in which it could not enforce its decree. The Chancellor concluded that, despite defendant's argument, the Uniform Stock Transfer Act did not purport expressly to amend or repeal 2105, Sec. 73, Revised Code, for the reason that amendments by implication were not favored. He further decided that the basic purpose of the Uniform Stock Transfer Act was to make stock certificates negotiable instruments in order to protect innocent purchasers for value. Accordingly, the rights of an innocent purchaser for value not being drawn into question, the Chancellor concluded that jurisdiction should be sustained under the reasoning of the Perrine case.
Nothing in the briefs before me here indicates that the rights of an innocent purchaser for value are involved. It results, then, that this motion to quash must be denied upon the authority of Hodson v. Hodson Corp., supra.[1]
The corporate defendant's motion to dismiss is denied for the same reasons and its motion to strike certain paragraphs from the complaint is also refused for reasons stated at the argument.
There remains plaintiff's motion for a temporary restraining order against these defendants from proceeding further with an action commenced by them in Ohio. I shall pass by certain preliminary objections to the application for the restraining order and consider at once the main question presented. In Civil Action 238, I declared this voting trust void for the reason that the shares of stock constituting the trust res were subject to an escrow agreement and could not be deposited with the voting trustees as required by the provisions of Sec. 18 of the Corporation Law of this state. Del.Ch., 82 A.2d 372. The effect of this decision, in a sense, was temporary because the escrow agreement has *367 now expired and the purpose of the proceeding at bar, Civil Action 239, is to have the voting trust agreement declared void permanently. The corporate defendant in Civil Action 238 has alone appealed my decision to the Supreme Court but, pending a decision by that Court, the defendant voting trustees have filed an action in the Court of Common Pleas of Cuyahoga County, Ohio, which in effect would seek to declare valid this same voting trust. Now, whether or not my decision in Civil Action 238 is correct is one thing  that will be decided in due course by the appeal to the Supreme Court now pending. But that these individual voting trustees should at the same time institute another action involving the same parties, the same trust agreement and the same issues in the Courts of Ohio is quite another thing  it demonstrates an open and deliberate disregard for the jurisdiction and decrees of this Court. In such case a court of equity will have no hesitation in enjoining the prosecution of the foreign suit. Connecticut Mut. Life Ins. Co. v. Merritt-Chapman & Scott Corp., 19 Del.Ch. 103, 163 A. 646; Gray Co. v. Alemite Corp., 20 Del.Ch. 244, 174 A. 136; Peyton v. William C. Peyton Corporation, 21 Del.Ch. 299, 187 A. 849; Prudential Ins. Co. v. Merritt-Chapman & Scott Corp., 112 N.J.Eq. 179, 163 A. 894.
An examination of the cases cited reveals, however, that the parties sought to be enjoined were citizens and capable of being served personally with process. Moreover, the authorities in general indicate that an injunction operates in personam. Vol. 43, C.J.S., Injunctions, § 168(b). Both defendants here are citizens of Ohio and cannot be personally served; nor can the processes of this Court be made to reach out to punish them in the event that they should deliberately persist in the prosecution of the Ohio action if this restraining order were granted. There are cases which indicate that jurisdiction over the res draws with it jurisdiction of the parties, 32 C.J., P. 287, Note 74, and I must concede that if these defendants should subsequently act in contempt of the restraining order here sought, some measure of authority would still remain in this Court to punish them in the sense that I might have power to remove them as voting trustees of this Delaware voting trust. After careful consideration, however, I have concluded that there is sufficient doubt about the matter to exercise my discretion against the granting of the restraining order here prayed for.
Nevertheless, in view of the deliberate act of these defendants in ignoring the jurisdiction and decrees of this Court, I will say this: Upon a new application for a restraining order against these same parties in which the corporation is also joined as a defendant, accompanied by a sufficient showing that plaintiff may suffer irreparable injury, I will seriously consider enjoining the corporation itself from the transfer of any stock or the doing of any other act whatsoever, whether pursuant to some subsequent decree of the Ohio court or not, which may conflict with my holding in Civil Action 238, until a final disposition of both these actions in the Courts of this state. Any defiance of such an injunctive order might then call for appropriate action under Sec. 48 of the General Corporation Law.
An order will be entered in accordance with these views.
NOTES
[1] It is significant that since the decision in the Hodson case and prior to the institution of this action, Sec. 16M of the Uniform Stock Transfer Act was repealed, which not only nullifies the principal argument against the validity of service by publication in the case before me but also by strong inference indicates the Legislative intent to reaffirm the result in the Perrine case.