131 A.2d 822 (1957)
James S. ABERCROMBIE, Phillips Petroleum Company, a corporation, and Sunray Oil Corporation, a corporation, Plaintiffs,
v.
Ralph K. DAVIES, Signal Oil and Gas Company, a corporation, The Hancock Oil Company, a corporation, The Globe Oil and Refining Company, a corporation, Lario Oil and Gas Company, a corporation, Ashland Oil & Refining Company, a corporation, Deep Rock Oil Corporation, a corporation, Samuel B. Mosher, Garth L. Young, John W. Hancock, J. Howard Marshall, Harold A. Black, Francis L. Jehle, Rexford S. Blazer, Sandford M. Burnam, American Independent Oil Company, a corporation, and Security First National Bank of Los Angeles, California, a corporation, Defendants.
Court of Chancery of Delaware, New Castle.
May 2, 1957.
*823 John J. Morris, Jr. (of Morris, James, Hitchens & Williams), Wilmington, and Joseph W. Moore (of Fouts, Amerman & Moore), of Houston, Tex., for plaintiff, James S. Abercrombie.
Robert H. Richards, Jr., and Stephen E. Hamilton, Jr. (of Richards, Layton & Finger), Wilmington, for plaintiffs, Phillips Petroleum Co. and Sunray Oil Corp.
Richard F. Corroon and David F. Anderson (of Berl, Potter & Anderson), Wilmington, and Francis M. Shea and Warner W. Gardner (of Shea, Greenman, Gardner & McConnaughey), Washington, D. C., for defendants, Signal Oil & Gas Co., the Hancock Oil Co., Lario Oil & Gas Co., Ralph K. Davies, the Globe Oil & Refining Co., Samuel B. Mosher, Garth L. Young, John W. Hancock, Harold A. Black, Francis L. Jehle, and J. Howard Marshall.
William Duffy, Jr., Wilmington, for defendant, American Independent Oil Co.
Defendants, Ashland Oil & Refining Co., Deep Rock Oil Corp., Rexford Blazer, Sandford M. Burnam and Security First Nat. Bank, Los Angeles, Cal., failed to appear.
SEITZ, Chancellor.
The Supreme Court of Delaware reversed this court and held that a so-called Agents' Agreement ("agreement") was "void as an illegal voting trust". Abercrombie v. Davies, Del., 130 A.2d 338, 347. Upon remand the parties are now in disagreement as to the form of judgment to be entered. This is the decision thereon.
Plaintiffs seek a provision declaring the agreement void in its entirety and releasing the parties from all obligations thereunder. The appearing defendants contend that the order should merely provide that the agreement is unenforceable until it is made to comply substantially with the voting trust statute, 8 Del.C. § 218. In other words, defendants say that the Supreme Court did not intend to decide that the agreement was unenforceable under any circumstances.
*824 The defendants place great reliance upon Hirschwald v. Erlebacher, 27 Del.Ch. 180, 33 A.2d 148; affirmed on opinion below, 27 Del.Ch. 343, 36 A.2d 167. The Hirschwald case involved what was clearly intended to be a voting trust agreement of the type authorized by our statute. The alleged defect was a failure for two years to meet certain statutory requirements. The Court felt that the agreement was not thereby rendered void. Rather the Court obviously felt that, absent prejudice to third persons, later compliance would validate such an agreement.
In the present case, in contrast to the Hirschwald situation, the agreement clearly was not intended to be a voting trust agreement of the type contemplated by our statute. Therefore, to try, as defendants have done, to force the agreement to meet the requirements of our voting trust statute is clearly to pervert the intention of the parties to it. The various provisions of the agreement make clear that the parties did not agree to action of the type which defendants say will correct the deficiencies pointed out by the Supreme Court. Thus, the parties did not contract to have the agreement filed in the principal office of the corporation and have noted on the books of the corporation that the stock of the parties to the agreement has been deposited in escrow subject to the agreement. Moreover, the parties provided specific mechanics to accomplish their objective in the event they desired to convert the agreement into a voting trust of the type authorized by statute.
There is another and independent reason why defendants' position is untenable. Defendants admit that the point under discussion was brought to the attention of the Supreme Court on motion for reargument. The motion was denied without opinion. If the Supreme Court had felt that this point should be reserved for consideration by this Court, it would seem reasonable to believe that it would have made some such statement or provision with respect thereto. It did neither.
I conclude that the Supreme Court meant what it said when it concluded that the Agents' Agreement was "void". It is appropriate therefore to incorporate in the judgment the language suggested by plaintiffs.
The defendants contend that plaintiffs have no standing to attack the sufficiency of action taken by defendants after the Supreme Court decision in an attempt to bring the agreement within the requirements of the voting trust statute. I think it unnecessary to decide this point because, as indicated, I believe the Supreme Court held in effect that no action by the parties to the agreement could cure the defects in question. Nor need I decide whether this agreement, had it purported to be a voting trust of the statutory type, could be brought within the requirements of the statute.
Defendants next object to the provision suggested by plaintiffs which would in substance enjoin the defendants from carrying out or attempting to induce or compel others to carry out the terms and provisions of the agreement. There are also other injunctive provisions which I shall discuss.
Defendants first point out that the plaintiffs originally disavowed any intent to seek injunctive relief in connection with their motion for summary judgment. It is true that on their motion for summary judgment plaintiffs did not seek injunctive relief. It is also true that ordinarily this Court would require some formalized application and procedure before it would grant injunctive relief under these circumstances. However, the defendants themselves have admittedly taken action since the decision of the Supreme Court in an attempt to breathe vitality into the Agents' Agreement. It consisted of their filing a copy of the agreement in the principal office of the corporation and causing the corporation to make on its books a notation that the stock *825 of the parties to the agreement who are stockholders has been deposited in escrow subject to the agreement. These steps, even though we assume that they were taken in good faith, constitute a sufficient uncontroverted basis for granting plaintiffs' injunctive relief to the extent that this Court has jurisdiction to do so. I say this because such action shows that plaintiffs may need more than a declaration of rights if they are to obtain the full measure of relief to which they are entitled.
Defendants next suggest that there is a serious question as to the jurisdiction of this Court to enjoin defendants who are not personally within its jurisdiction.
This contention requires a consideration of the injunctive jurisdiction of this Court in connection with an in rem proceeding.
Preliminarily, I should note that certain of the named defendants failed to appear and admittedly have no property in Delaware (Blazer, Burnam and Security First National Bank of Los Angeles, California). As to these persons I cannot see how this Court has jurisdiction to grant injunctive relief against them. The injunctive provision with respect to these parties should be stricken from plaintiffs' proposed form of order.
One other non-resident defendant sought to be enjoined (Ashland Oil and Refining Company) failed to appear although it was a party to the agreement. The only jurisdiction this Court has over Ashland arises from its in rem jurisdiction over stock which Ashland owns in American Independent Oil Corporation, a Delaware corporation. But jurisdiction of the res without more does not give this Court any personal jurisdiction. Since Ashland did not appear, I cannot see how this Court obtained any in personam jurisdiction over it. The injunctive provisions concerning Ashland will be stricken.
This brings us to the question of the power of this Court to grant injunctive relief in this type of proceeding against the non-residents who have appeared.
The defendants in question voluntarily appeared and litigated the validity of the Agents' Agreement. Having done so I believe they thereby submitted themselves to this Court's jurisdiction to the extent injunctive relief is necessary to implement the decision. This would seem to be a reasonable consequence of their voluntary action in appearing to litigate the merits. Indeed, where a nonresident defendant appears, an injunction will issue even with respect to property outside the State. Compare I High on Injunctions, § 33.
It is no answer to say that there may be difficulty in procuring obedience to the injunction. If not obeyed the matter will be a proper subject for appropriate proceedings in the jurisdiction where the disobedient party can be found. In such case the relief should be adequate. Compare 2 Beale, The Conflict of Laws, § 439.1. Under the circumstances, the injunction here to be issued is in no sense an encroachment upon the sovereignty of another state.
Defendants rely upon Smith v. Biggs Boiler Works, 32 Del.Ch. 287, 85 A.2d 365. That case is not in point for at least two reasons. First of all, the non-resident defendants involved appeared specially to contest jurisdiction. Here defendants litigated the merits. Secondly, the opinion in the Smith case was at a preliminary stage and did not purport to be a "final" determination of the point under discussion. This is a final decision.
I therefore conclude that this Court has jurisdiction to grant injunctive relief against appearing non-residents where it is reasonably necessary to implement its in rem jurisdiction. It follows that the injunctive provisions in plaintiffs' proposed order should remain insofar as they are *826 directed to residents or appearing non-residents.
I might note that the Court cannot agree with plaintiffs' proposed form of order to the extent it purports to strike the former order in its entirety. The revised order must be entered in accordance with the direction of the Supreme Court.
Plaintiffs may present a new order in accordance with this opinion.