146 A.2d 808 (1958)
PANAMANIAN SECURITIES, Incorporated, Plaintiff,
v.
PUNTA ALEGRE SUGAR CORPORATION, a Delaware corporation, The Chase Manhattan Bank, a New York corporation, and Robert L. Cudd, Defendants.
Court of Chancery of Delaware, New Castle.
December 11, 1958.
*809 S. Samuel Arsht and George Tyler Coulson of Morris, Nichols, Arsht & Tunnell, Wilmington, for plaintiff.
Robert H. Richards, Jr., and Henry M. Canby of Richards, Layton & Finger, Wilmington, for defendant, Chase Manhattan Bank.
Richard F. Corroon of Berl, Potter & Anderson, Wilmington, for defendant, Punta Alegre Sugar Corp.
SEITZ, Chancellor.
The corporate defendants, Punta Alegre Sugar Corporation ("Punta") and The Chase Manhattan Bank ("Chase") have filed a combined motion to dissolve a restraining order heretofore issued against them. Basically it restrained Punta from transferring shares registered in plaintiff's name or paying dividends thereon. It restrained Chase from attempting to sell the same stock (the certificates being held by it) or using the dividends received. Chase is a New York and Punta is a Delaware Corporation.
Plaintiff says that defendants' motion is no more than a motion for reargument after the expiration of the time for such motions (Chancery Court Rule 174, Del.C. Ann.). Defendants point out that the Rule dealing with restraining orders (Rule 65) explicitly provides that a party may move for the dissolution of a restraining order.
Because of the nature of a restraining order I am satisfied that the court is free to exercise its discretion in determining whether or not a motion to dissolve a restraining order should be considered on its merits even after the entry of a restraining order on notice. In this way the court is free to decide whether the grounds are proper to consider on the motion or should await a preliminary injunction hearing or other developments. I have decided that the ends of justice are best served here by examining the motion on its merits. I so conclude principally because the full impact of the situation, at least as to Chase, was not, in retrospect, clear to the court when it entered the restraining order.
Punta advances two basic reasons why the restraining order should be dissolved. It argues first that plaintiff has an adequate remedy at law in New York. It is far from clear that this argument is sound. Because of its basic quality I do not believe it should be decided on the present motion.
Punta next says that the complaint fails to show any urgent need for the granting of a restraining order. In this connection Punta relies primarily upon the case of Whitmer v. William Whitmer & Sons, Inc., 11 Del.Ch. 185, 98 A. 940.
Passing over the fact that the practice at the time of the Whitmer case with respect to restraining orders was not precisely the same as that provided under our rules, I think the case is not at all inconsistent with the granting of a restraining order against Punta. In the Whitmer case the court had granted a restraining order ex parte. It subsequently considered a motion to dissolve that restraining order on the basis of an answer which led the court to emphasize various factors which in its opinion demonstrated the lack of need for *810 the restraining order. That case did not involve a possible conflict of ownership.
Here, unless restrained Punta might have to recognize any request for transfer which is submitted to it, especially if accompanied by the stock certificates. Moreover, it has seen fit to pay out a dividend under circumstances which perhaps creates a doubt as to whether payment was made in accordance with the corporate records concerning the registered ownership of the stock in dispute.
I am satisfied that in cases where possible serious harm or inconvenience can result to a party by action taken before he may have notice thereof, the party seeking a restraining order should not be required to run that risk where he has otherwise made a sufficient showing of "interest" in such subject matter. Otherwise stated, I do not believe that a restraining order only issues when the threat is imminent.
I therefore conclude that the motion to dissolve the restraining order as to Punta should be denied.
I turn now to a similar motion made by Chase. It gives several reasons in support of its motion but I consider it necessary to treat only one.
At the time the court considered the matter in connection with the granting of the original restraining order, it seemed to the court that the allegations made it reasonably evident that Chase was made a defendant in its capacity as a temporary administrator, a position to which it had been appointed by the New York Surrogate Court. Indeed, this court in its latter decision of November 12 stated that Chase's memoranda made it clear that Chase did not challenge plaintiff's assertion that the allegations showed that the action was against the Bank in its capacity as temporary administrator. Chase did not challenge the accuracy of the court's statement. But on the present argument Chase stated that it did not agree that it is clear from the allegations of the complaint that Chase was sued in its capacity as temporary administrator. In any event, Chase says it did not appear in that capacity, although it was restrained in such capacity.
This matter has two aspects, viz., from the viewpoint of the fair interpretation of the complaint and from the viewpoint of the scope of the appearance entered. Here the two are interwoven.
Contrary to the usual practice in this court, the caption of the complaint did not denominate Chase as temporary administrator. The prayers of the complaint did not explicitly request relief against Chase as temporary administrator. Certainly the prayers can be said to seek relief against Chase in its "individual" capacity.
Plaintiff flatly states that the complaint was intended to be an action against Chase both in its "individual" capacity and in its capacity as temporary administrator. Chase entered a general appearance but did not state that it appeared as temporary administrator.
For the following reasons I conclude that Chase did not purport to appear as temporary administrator but only individually:
1. Plaintiff concedes that by its complaint it attempted to sue Chase qua Chase as well as Chase as temporary administrator. Thus, Chase was free to appear as Chase and not as temporary administrator if it saw fit. The language of its appearance does not contain any language suggesting that it was appearing as temporary administrator.
2. Plaintiff concedes that Chase as temporary administrator had no grant of power from the New York Surrogate to enter an appearance in the action. There is serious doubt as to the power of such a temporary administrator to appear without the grant of such power.
3. While it is not part of the written record in this case, plaintiff's counsel flatly stated that he had advised Chase's Delaware counsel that he intended to seize accounts *811 due Chase in Delaware in order to obtain jurisdiction over Chase. This action of course would have been pursuant to 10 Del.C. § 366, which looks only to relief against non-residents in the form of a money judgment. Since it was tacitly agreed that Chase appeared in order to prevent such seizure, it seems evident to me that it was appearing in connection with an action which could result in a money judgment against it. This of course would tend to show that Chase was resisting individual liability.
The combined effect of their factors compels the conclusion that Chase was reasonably entitled to believe that it was being sued individually and entered such an appearance. Whether it was reasonably entitled to conclude that it was not being sued as temporary administrator I need not decide. I do say that a different problem would have been presented had the allegations been consistent only with an action against Chase as temporary administrator.
I desire to make it clear that I am not deciding whether Chase was or can be properly made a defendant in this action in its capacity as temporary administrator. All I am deciding is that Chase did not enter an appearance as temporary administrator. This being so I am satisfied that the court did not at the time have the power to issue a restraining order against Chase as temporary administrator. Compare Abercrombie v. Davies, Del.Ch., 131 A.2d 822.
At this stage I need not consider what injunctive power the court would have over Chase if it subsequently appeared in its capacity as temporary administrator.
I therefore conclude that the restraining order heretofore issued against Chase as temporary administrator should be dissolved. Incidentally, insofar as its motion to dissolve is concerned, Chase is appearing as temporary administrator solely to contest jurisdiction.
While Chase is now on notice that plaintiff is contending that the complaint is against it both "individually" and as temporary administrator perhaps plaintiff might want to consider whether an amendment is in order.
Present orders on notice.