152 A.2d 113 (1959)
Louis H. STEINBERG, Plaintiff,
v.
Paul V. SHIELDS, Robert Ayers, John G. Banniser, Eugene H. Catron, George L. Coleman, Robert B. Hunter, Edward M. Powers, Hugh V. Sherrill, A. Knox Tyson, Nafi Corporation, Nafco, Inc. and Nafco Oil and Gas, Inc., and Paul V. Shields, Eugene H. Catron, Hugh V. Sherrill, Cornelius Shields, Macrae Sykes, Vladimir N. Bashkiroff, Robert L. Veit, Donald Arthur, Jr., Theodore L. Crockett, Thomas H. McGlade, Homer F. Locke, John J. Reilly, Douglas R. Hansel, Edward E. Green, Warner G. Cosgrove, Jr., Bernard F. Toole, and Herbert H. Childs, co-partners doing business under the firm name and style of Shields & Company, Defendants.
Court of Chancery of Delaware, New Castle.
May 28, 1959.
*114 William E. Taylor, Jr., Wilmington, and William E. Haudek (of Pomerantz, Levy & Haudek), New York City, for plaintiff.
William S. Potter, David F. Anderson, James L. Latchum (of Berl, Potter & Anderson), Wilmington, for appearing defendants.
SEITZ, Chancellor.
Certain individual defendants, Banniser, Coleman and Tyson have moved to vacate and quash an order of sequestration dated May 14, 1959.
This is a stockholder's derivative action brought on behalf of defendants, Nafi Corporation ("Nafi"), and its subsidiary, Nafco Oil and Gas Inc., ("Nafco Oil"), both Delaware corporations. The three moving defendants, along with others, are directors of Nafi and Nafco Oil. The non-directors are Shields & Co. ("Shields") a New York partnership, its partners and yet another holding company, Nafco Inc., through which Shields & Company allegedly dominates and controls Nafi and Nafco Oil.
I now summarize the pertinent allegations of the complaint. Nafi organized Nafco Oil in 1958, investing $5,000,000 and other funds in the new company and caused it to acquire $19,000,000 worth of oil and gas properties. Although Nafi provided all the funds for the financing, it received only 88.9% of the stock of Nafco Oil. The balance of the Nafco Oil stock went to Shields for a nominal payment of $120. This diversion of Nafco Oil shares to Shields was a gift and a waste of assets rightfully belonging to Nafi and constituted a breach by the defendants of their fiduciary duties to Nafi and Nafco Oil.
The moving defendants are all directors of the corporation which allegedly issued the shares to Shields without consideration.
The complaint prays for an order under both 10 Del.C., § 365 and § 366. It next prays for an order cancelling the issuance of shares of Nafco Oil to Shields or, in the alternative, declaring Shields constructive trustee of such shares for the benefit of the corporation. Finally, it contains a prayer for "such other and further relief as may be just".
An order of sequestration under 10 Del. C. § 366 was issued and there were seized, inter alia, the shares of the three moving defendants. They have moved to quash the order of sequestration on the ground that under the allegations of the complaint this is not a proper case for the issuance of an order of sequestration.
This court does not intend to express any opinion as to the rights of any defendants other than the moving defendants.
Plaintiff's complaint attacks the issuance of certain shares to Shields. The specific relief prayed for in the complaint is cancellation of or the imposition of a constructive trust on the shares allegedly given Shields. Such shares are not alleged to be in the hands of any of the moving defendants. The specific relief requested is therefore inapplicable to the moving defendants.
The only prayer for relief which could be said to be possibly applicable to the moving defendants is the prayer for general relief. Can this complaint with its prayer for general relief be said to justify the issuance of the sequestration process under 10 Del.C. § 366 against the moving defendants? I think not. This is particularly true where, *115 as here, the propriety of the process is seasonably attacked. I do not believe the allegations constitute adequate notice to these defendants as to the nature of the remedy, if any, sought against them. The complaint does not mention damages. See 1 Daniell's Chancery Practice, (London ed.), p. 289, et seq.; compare Panamanian Securities, Inc. v. Punta Alegre Sugar Corp., Del.Ch., 146 A.2d 808. Notice of the nature and kind of relief sought is particularly important to a non-resident defendant whose shares are seized under 10 Del.C. § 366, because he can only defend by entering a general appearance.
The Delaware cases construing 10 Del.C. § 366 have tested the matter to some extent by looking at the situation in the event of a failure of a defendant to appear. It is therefore pertinent to note that had the moving defendants defaulted, under the prayers of the present complaint the court could not have entered a money judgment against them. Thus, it could not have sold the seized shares. This is clear from Chancery Rule 54(c), Del.C.Ann., which states that "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment".
This case differs from the situation confronting the court in Fleischmann Lumber Corp. v. Resources Corp. International, 33 Del.Ch. 587, 98 A.2d 506. In the Fleischmann case the moving defendant was aware that in addition to a prayer for general relief, the complaint contained a prayer for specific relief against it in the form of rescission. Thus, it was on notice that specific relief was sought against it. In contrast, there is no prayer for specific relief against the moving parties here.
I conclude that the allegations of the present complaint are not sufficient to support the seizure of the moving defendants' stocks under 10 Del.C. § 366. The defendants' motion to quash such sequestration will be granted as to them.
Present order on notice.