**AIR PRODUCTS AND CHEMICALS, INC. a corporation of the State of Delaware, Plaintiff,**

**v.**

**The LUMMUS COMPANY, a corporation of the State of Delaware, Defendant.**

Court of Chancery. of Delaware.

New Castle.

Sept. 24, 1968.

Walter K. Stapleton, of Morris, Nichols, Arsht & Tunnell, Wilmington, and K. Robert Conrad, of Pepper, Hamilton & Scheetz, Philadelphia, Pa., for plaintiff.

H. James Conaway, Jr., and Edward B. Maxwell, 2nd, of Young, Conaway, Stargatt & Taylor, Wilmington, and George P. Williams, III, of Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendant.

MARVEL, Vice Chancellor.

On the morning of September 11, 1967 plaintiff filed a complaint in this Court seeking the issuance of an order permanently enjoining defendant from filing any action against plaintiff on any claim based on or arising out of the subject matter of two contracts of the parties (one dated July 19, 1954 and the other March 14, 1956) other than as part of an action then pending between the parties in the Superior Court of New Castle County concerning alleged deficiencies in the design, construction and performance of an oil refinery built for Commonwealth Oil Corporation in Puerto Rico. After years of litigation involving all three corporations, Lummus and Commonwealth reached a settlement concerning their mutual differences in June of

1966. This litigation[1] in Delaware is related in large part to such settlement.

Late in the afternoon of September 8, 1967 plaintiff filed a claim at law against defendant in the Superior Court as aforesaid the first count of which seeks to have Air Products reimbursed for expenses of $131,859 allegedly incurred by it in Puerto Rico in connection with the testing and putting into operation of equipment which it had designed for defendant pursuant to the above mentioned contracts. In addition, plaintiff's Superior Court action invokes the provisions of the Delaware Declaratory Judgment Act (Title 10 Del.C. § 6501)[2] in a second count which seeks the entry of a judgment against defendant holding that plaintiff is not liable to defendant in the amount of $9,976,921 plus interest of $3,600,000 on claims asserted by the latter for plaintiff's alleged breaches or improper performance of the contracts above referred to.

A restraining order in conformity with plaintiff's prayers was entered on the day plaintiff's complaint was filed, and on November 3, 1967 the Court filed an opinion in which it directed that a preliminary injunction issue in general conformity with the terms of the earlier restraining order. On February 2, 1967, after argument on the form of such order, a preliminary injunction was entered on the principle that plaintiff had a broad right to select its forum as well as that of forum non conveniens. Thereafter, after engaging in pretrial activity, the parties went to trial on June 17, 1968. This is the opinion of the Court on the question of whether or not a permanent injunction should issue as prayed for.

In granting interim injunctive relief in this case, the rule of Connecticut Mutual Life Insurance Co. v. Merrit-Chapman, supra, and, as noted above, the general principles of forum non conveniens, were followed. The question now presented after trial is whether or not the concept of declaratory judgment as employed here requires a modification of the Court's earlier ruling. In other words, in light of the defensive nature of plaintiff's second cause of action in Superior Court, should its choice of forum prevail granted the obvious convenience of such forum under recognized tests? Significantly, it has been held in a number of jurisdictions that a declaratory judgment proceeding is intended to supplement but not to supercede or be a substitute for other existing remedies, 26 C.J.S. Declaratory Judgments, § 19, p. 87. Compare Chicago Pneumatic Tool Co. v. Hughes Tool Co. (D.C.Del.) 61 F.Supp. 767, aff'd (CA3) 156 F.2d 981, cert. denied, 329 U.S. 781, 67 S.Ct. 204, 91 L.Ed. 670.

█ It is also clear that the doctrine of forum non conveniens will not be applied where a cause of action could be effectively blocked by the applicable statute of limitations of another available forum, 20 Am. Jur.2nd, Courts § 174. Here, however, while the three year statute of limitations of Delaware[3] might possibly block a part of the Lummus claim, it is apparently conceded on page eleven of Air Products' main brief that under the facts admitted by Lummus and under the theory advanced by its counsel, claims amounting to $7,816,767 could only have arisen in June 1966 at the time of the Commonwealth-Lummus settlement.

1. For background to this continuing litigation see opinion granting plaintiff a preliminary injunction reported in 235 A. 2d at page 274.

2. On April 10, 1947, this statute was added to the Delaware Code (1935) as an amendment to a chapter on Pleading and Practice long after the cases of Connecticut Mutual Life Ins. Co. v. Merrit-Chapman, 19 Del.Ch. 103, 163 A. 646,

Gray Co. v. Alemite Corp., 20 Del.Ch. 244, 174 A. 136 and Peyton v. William C. Peyton Corp., 21 Del.Ch. 299, 187 A. 849 had been decided. Judgment by declaration has been stated to be " * * * like atomic power, a matter of recent development * * *." Landsverk v. Studebaker, 54 Wash.2d 124, 338 P. 2d 747.

3. 10 Del.C. § 8106.

I conclude, under the circumstances here presented, that the use of the device of declaratory judgment to anticipate and soften the impact of an imminent suit elsewhere concerning long past dealings between the parties for the purpose of gaining an affirmative judgment in a favorable forum requires a closer look at the deference historically accorded a plaintiff's choice of forum. Furthermore, on the basis of the record before me, this would appear to be an equitable course to follow even where, as here, the forum selected by Air Products or those of Pennsylvania[4] or New York are the obvious places for trial from the point of view of efficiency, the minimizing of expense, and those other equitable considerations which must be weighed in determining the appropriate place to try a legal dispute, Kober v. Holyoke (Del.Sup.Ct.) 213 A.2d 444.

Turning more closely to the situation here presented, it appears, first of all, that Air Products as a plaintiff in the Superior Court of Delaware seeks primarily to obtain a judgment absolving it from any and all liability to The Lummus Company arising out of the two contracts above referred to, the amount of the Lummus claim plus interest being stated to be in excess of $13,000,000[5] (See Air Products v. Lummus Company, supra), Air Products' claim against Lummus being the much smaller amount of $131,859, as noted above. Accordingly, Air Products, realistically speaking, is to a substantial degree on the defensive in the Superior Court of Delaware. The question to be resolved, is, therefore, whether or not a corporation against which a substantial claim is about to be filed, may select a forum in which best to defend itself by arranging to file a declaratory judgment complaint followed by an injunction action, as here, after being informed that the board of directors of its adversary had authorized the filing of a direct action concerning the claims alleged in the declaratory judgment action?

In seeking to resolve this issue, I find it significant that in the case of General Foods v. Cryo-Maid, Inc., 41 Del.Ch. 474, 198 A.2d 681, the Supreme Court of Delaware sustained the stay order of the trial judge despite the fact that the Delaware complaint for a declaratory judgment had been filed before a direct action against the Delaware plaintiff had been commenced in Illinois, where Cryo-Maid's factory was located. And while the factors of convenience in the cited case clearly weighed in favor of a trial near Cryo-Maid's factory, a factor considered by both trial and appellate courts in upholding Cryo-Maid's motion for a stay was possible harassment of that corporation resulting from General Foods resort to declaratory judgment for the purpose of defensively establishing priority as to forum.

This same hint of jockeying for position is, I believe, a factor to be considered in the case at bar, it being clear on the record that immediately before the filing of Air Products' action in the Superior Court of Delaware, Lummus was preparing to bring suit in the Commonwealth of Puerto Rico in order to take advantage of a fifteen year statute of limitations, which, it is claimed, would apply to all matters complained of in the second count of Air Products' complaint in Superior Court.

Contemporary courts have displayed an understandable reluctance to deprive a plaintiff of access to a forum where he can best advance his case. Thus, in Humble Oil v. The Patsy (Dist.Ct.Del.) 198 F.

---

4. After Air Products' Delaware Superior Court action was filed on September 8, Lummus commenced a suit on September 11 against Air Products in Pennsylvania. Air Products is amenable to litigating its problems with Lummus in the courts of either Delaware, Pennsylvania or New York.

5. It must be noted, however, that the Commonwealth-Lummus settlement of June 1966, which apparently forms the basis of a large part of the Lummus claim against Air Products, recites a consideration of $4,705,813.

Supp. 423, the court declined to transfer an admiralty case from Delaware to Louisiana other than on condition that the respondent would agree to waive the defense of laches based on the Louisiana one year statute of limitations. The applicable statute in Delaware was two years,[6] within which period the suit had been filed in that state. Such ruling would appear to be derived from the holding of the leading forum non conveniens case of *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055, in which the majority of the court, after stating that the application of such doctrine presupposes that at least two forums exist for a particular action, ruled that the doctrine in question should be applied in a manner so as to ensure that a plaintiff may be quite sure of some place in which to pursue his remedy. Compare *Winsor v. United Airlines*, 2 Storey 161, 154 A.2d 561. Also see Parvin v. Kaufmann (Sup.Ct.Del.) 236 A.2d 425.

■ While it is not clear at this point exactly when the various causes of action set forth in Air Products Superior Court complaint arose for statute of limitation purposes, I am of the opinion that the interests of justice will best be served by Air Product's waiver of the statute of limitations plea set forth in its second cause of action in Superior Court as a condition precedent to the entry of a permanent injunction against The Lummus Company's filing or prosecuting any action against Air Products on any claim based on or arising out of the subject matter of those two certain contracts entered into between the parties (one dated July 19, 1954 and the other March 14, 1956) other than as part of an action now pending between the parties in the Superior Court for New Castle County.

If such condition is not agreed to by Air Products, the preliminary injunction now outstanding will be lifted and a permanent injunction denied.

Order on notice.